COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAYMOND BRYAN FREE, | § | No. 08-11-00024-CR |
| Appellant, | § | Appeal from the |
| v. | § | 355th Judicial District Court |
| THE STATE OF TEXAS, | § | of Hood County, Texas |
| Appellee. | § | (TC# CR11408) |
| | § | |

**O P I N I O N**

Raymond Bryan Free was convicted of the second degree felony offense of possession of more than one gram but less than four grams of a controlled substance, methamphetamine, with intent to deliver.   The indictment also included two enhancement paragraphs which elevated the punishment range to that of a first degree felony.   After pleading guilty to the offense, and true to the enhancement paragraphs, a jury sentenced Free to eighty-five (85) years' in prison.   In two issues on appeal, he argues that:   (1) the trial judge should have been recused because he was biased against Free for the reason that the judge did not consider the full range of punishment and interfered with the plea bargain process; and (2) a witness for the State provided false testimony such that Free was denied his right to a fair trial.   We affirm.

**Background**

A fugitive warrant for the arrest of Raymond Bryan Free was issued by the Attorney General's Office alleging that Free had violated the terms and conditions of his parole by refusing

to take polygraphs and participate in sex offender treatment.[1]   On July 2, 2009, Appellant was apprehended in Granbury, Texas.   During a search, officers located methamphetamine in Appellant's pants pocket.   A search of the vehicle being driven by Appellant revealed a set of electronic scales and a number of small plastic baggies.

On November 4, 2009, Appellant was indicted for the offenses of:   possession of more than one gram but less than four grams of a controlled substance, methamphetamine, with intent to deliver; and possession of more than one gram but less than four grams of a controlled substance, methamphetamine.   The indictment, in two enhancement paragraphs, further alleged that prior to the commission of the offenses alleged in the indictment, Appellant had previously been convicted of aggravated sexual assault of a child in two separate cases.   The two enhancement paragraphs elevated the punishment range from a second degree felony to a first degree felony as to count one of the indictment and from a third degree felony to a second degree felony for count two of the indictment.   On July 6, 2010, the State filed a Notice of Enhancement alleging that, in addition to the two prior convictions for aggravated sexual assault of a child, Appellant had also previously been convicted of the offenses of felony theft and forgery.   As a result of the Notice of Enhancement, upon conviction, Appellant would be punished as a habitual offender.

The parties negotiated a plea agreement which called for Appellant to plead guilty to count two of the indictment.   In exchange for Appellant's plea of guilty to count two of the indictment, the State agreed to dismiss count one and recommend a sentence of twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.   The trial court rejected the plea agreement and informed the parties that the minimum was twenty-five years.

_____

[1] Appellant was on parole for two separate aggravated sexual assault of a child offenses.

Appellant's counsel, pursuant to Texas Rule of Civil Procedure 18(b)(2), filed a motion to recuse the trial judge alleging that the judge's impartiality might reasonably be questioned and that a personal bias or prejudice existed against Appellant in light of the trial judge's refusal to dismiss count one of the indictment and in light of the trial judge stating "20 years is not enough punishment."

On September 17, 2010, Judge John Neill held a hearing on Appellant's Motion to Recuse Judge Ralph Walton, Jr.   Both Appellant and the State presented their arguments, but no evidence was offered during the hearing.   Appellant argued that:   (1) no pre-sentence investigation report had been prepared; (2) the judge had not reviewed any evidence; (3) the judge had never seen Appellant face-to-face; (4) the judge had only reviewed the indictment; (5) the judge had pre-judged the case with no evidence having been presented; (6) the judge had become a party to the plea negotiations; (7) Appellant's option to have the judge hear any other phase of the case was removed because the judge had predetermined Appellant's guilt and a minimum sentence prior to hearing any evidence; (8) the judge's actions exceeded the bounds of the Texas Code of Criminal Procedure; and (9) a reasonable person would harbor doubts as to the judge's impartiality on the guilt/innocence and punishment phases of the case.   At the conclusion of the hearing, Judge Neill determined that a trial judge had the authority to reject a plea and to refuse to sign a motion to dismiss, and denied the motion to recuse.

On November 15, 2010, the case proceeded to trial and a jury was selected.   On November 17, 2010, before the jury, Appellant pled guilty to count one of the indictment and pled

true to the two enhancement paragraphs contained in the indictment.[2] The State abandoned its separate Notice of Enhancement which included Appellant's felony theft and forgery convictions; as a result, Appellant was subject to a first degree felony punishment range of five to ninety-nine years rather than the punishment range for a habitual offender. At the conclusion of the punishment hearing, the jury assessed punishment at eighty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed no fine.

## Motion to Recuse

In his first issue, Appellant argues that the the trial judge was biased against him for the reason that the judge did not consider the full range of punishment and interfered with the plea bargain process.

### *Standard of Review*

A Texas judge may be removed from a case if he is: (1) constitutionally disqualified; (2) subject to a statutory strike; (3) subject to statutory disqualification; or (4) subject to recusal under rules promulgated by the Texas Supreme Court. *Gaal v. State,* 332 S.W.3d 448, 452 (Tex.Crim.App. 2011). Rule 18b(2) of the Texas Rules of Civil Procedure sets forth the law specifically pertaining to recusal of judges, including recusals in criminal proceedings. TEX.R.CIV.P. 18b(2); *Gaal,* 332 S.W.3d at 452-53 & n.12. It states in relevant part: "A judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned; [or] (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."

---

[2] On December 1, 2010, the State filed a "Motion to Dismiss Count II on [sic] Indictment" which was granted by the trial court.

TEX.R.CIV.P. 18b(2).   Subsection (a) generally applies only when it appears that the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute."   *Gaal,* 332 S.W.3d at 453, *quoting Liteky v. United States,* 510 U.S. 540, 558, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(Kennedy, J., concurring).   Subsection (b) more specifically addresses what the judge knows and feels.   *Gaal*, 332 S.W.3d at 453.

Recusal is generally not required purely on the basis of judicial rulings, remarks, or actions, as they would not on their own typically "evidence the degree of favoritism or antagonism required;" these will usually be grounds for reversal if in error, but not for recusal.   *Id.* at 454, *quoting Liteky v. United States,* 510 U.S. at 555, 114 S.Ct. at 1157.   On the other hand, recusal is appropriate if the facts are such that a reasonable person would harbor doubts as to the impartiality of the trial judge.   *Kemp v. State,* 846 S.W.2d 289, 305 (Tex.Crim.App. 1992).

We review an order denying a motion to recuse under an abuse of discretion standard, affirming so long as the ruling on the motion is within the zone of reasonable disagreement. *Gaal,* 332 S.W.3d at 456.   We consider the totality of the evidence and information presented at the recusal hearing to see if the record reveals sufficient evidence to support the conclusion that the trial judge was unbiased.   *Id.*

*Application*

Essentially, Appellant contends that Judge Walton's refusal to consider a sentence of twenty years as to Count Two of the Indictment and his refusal to consider dismissing Count One as part of the plea bargain reached by the parties evidences a personal bias or prejudice against Appellant, such that his impartiality might be reasonably questioned.   However, nothing in the record indicates that Judge Walton held any particular or general antagonism whatsoever toward

5

Appellant. Appellant points this Court to nothing more than Judge Walton's rejection of the plea agreement after a review of the Indictment and the Notice of Enhancement. Appellant's assertion that Judge Walton's refusal to even consider dismissing Count One of the Indictment deprived him of consideration of the full range of punishment options is not supported by the record. It is clear, considering the totality of the information presented at the recusal hearing, and the record as a whole, that Judge Walton did consider the full range of punishment. Given the Notice of Enhancement filed by the State, Appellant was subject to a punishment range of twenty-five to ninety-nine years as a habitual offender. *See* TEX.PEN.CODE ANN. § 12.42(d)(West Supp. 2011). Certainly, the trial judge's refusal to accept a plea agreement which included dismissal of the most serious count in the indictment was within his discretion and does not, without more, establish bias or prejudice. *See Gaal*, 332 S.W.3d at 457. In *Gaal,* the Court of Criminal Appeals explained that a "trial judge may in every case or in any particular case refuse to allow plea bargaining . . . . The defendant does not have an absolute right to enter into a plea bargain." *Gaal,* 332 S.W.3d at 457, *quoting Morano v. State,* 572 S.W.2d 550, 551 (Tex.Crim.App. 1978). Judge Walton merely refused to accept a plea bargain in this case.

Appellant attempts to distinguish *Gaal* by suggesting that the court's decision is limited to unique facts. However, what cannot be ignored in *Gaal,* and prior precedent, is that a trial judge has the discretion to reject any particular plea agreement or all plea agreements. *Id.* As a result, absent other evidence, a trial judge's rejection of a plea agreement is not sufficient evidence of bias or partiality to necessitate recusal. In other words, evidence that Judge Walton refused to accept a plea agreement calling for dismissal of the most serious count in the indictment, and a sentence at the maximum for the remaining count, does not establish that he should have been recused. In

6

light of Appellant's criminal history, as evidenced by the enhancement paragraphs contained in the Indictment as well as the Notice of Enhancement filed by the State, we cannot say that Judge Walton's decision to refuse the plea agreement evidences any bias or prejudice against Appellant such that Judge Walton's impartiality might reasonably be questioned. Consequently, Judge Neill did not abuse his discretion in denying the motion to recuse inasmuch as the ruling on the motion was within the zone of reasonable disagreement. *See Gaal,* 332 S.W.3d at 456. Issue One is overruled.

## False Testimony

In his remaining issue, Appellant contends that he was deprived of his right to a fair trial as a direct result of the false testimony presented through one of the State's witnesses. Appellant raises several sub-issues under his second issue. Those sub-issues include claims that the false testimony by Sergeant Gray entitled him to a new trial: (1) based on surprise; (2) because, under *Brady v. Maryland*,[3] evidence existed which established that Appellant had registered as a sex offender; (3) in light of newly discovered evidence that Appellant had complied with the sex offender registration requirements; and (4) because a State's witness testified falsely.

The State's final witness during the punishment hearing was Sergeant Cora Gray of the Attorney General's Office. The last three questions asked of Sergeant Gray by the prosecutor form the heart of Appellant's complaint. She was asked:

Q.      Okay. And do you know what Mr. Free, this defendant, was -- how he had violated his parole?

A.      Yes, ma'am.

---

[3] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Q.     And -- and what were those reasons?

A.     Not complying with his sex offender registration duties, and failing to agree to take the polygraph test, and not taking his sex offender classes.

Q.     And -- and do you know what the significance is of refusing polygraph tests?

A.     They generally use the polygraph test and go over questions such as "Have you been around children?" or have they violated certain stipulations of their sex offender registration. Generally refusing to take that test means that -- and it's just a general hypothesis, it is not --

Q.     Right.

A.      -- it's not a definite, but it generally leads to the fact that they have violated some of their requirements or some of their stipulations.

Q.     Okay.

On cross-examination, Appellant's counsel inquired further on this issue.

Q.     Now, was -- was Mr. Free, at this time before the arrest, reporting regularly?

A.     I do not know sir.   I'm not the parole officer.

Q.     Okay.   So -- but that wasn't one of the allegations that they had told you, right?

A.     No, sir.

Q.     Okay.   And so, again, you -- there was no -- you had no knowledge of any new criminal activity at all, did you?

A.     No, sir.   His failure to report or to -- failure to keep -- comply with his sex offender registrations is a felony in the State of Texas.

Q.     Well, the -- and you're certain that he was failing to report?

A.     No.   Failing to comply with his registration requirements.

Following the trial, Appellant filed a motion for new trial and a supplemental motion for

8

new trial which were heard on February 7, 2011. Therein, Appellant contended that Sergeant Gray falsely testified that Appellant had deliberately failed to register as a sex offender which left the jury "with a significant misconception that was highly prejudicial to Appellant, and such false testimony denied Appellant his due process and equal protection rights to a fair trial" under the Sixth and Fourteenth Amendments to the United States Constitution. Appellant asserted that subsequent to the trial, he located a Texas Department of Public Safety Sex Offender Update Form for Appellant which established that Appellant had not violated his sex offender registration requirements. This document was admitted as Exhibit 1 during the hearing on the motion for new trial. After hearing the testimony of Appellant's trial attorney and considering the arguments of counsel, the trial court denied Appellant's motion for new trial.

*Standard of Review*

We review a trial court's decision on a motion for new trial for an abuse of discretion. *Holden v. State*, 201 S.W.3d 761, 763 (Tex.Crim.App. 2006); *Keeter v. State*, 74 S.W.3d 31, 37 (Tex.Crim.App. 2002)(applying abuse of discretion standard to review of trial court's ruling on motion for new trial based on recantation of witness testimony). We do not substitute our judgment for the trial court's, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Holden*, 201 S.W.3d at 763. We view the evidence in the light most favorable to the trial court's ruling, deferring to its credibility determinations, and we presume all reasonable factual findings that could have been made in support of the court's ruling. *Quinn v. State*, 958 S.W.2d 395, 402 (Tex.Crim.App. 1997)(reviewing court must view the evidence in the light most favorable to the trial court's ruling when there are no findings of fact). A trial court abuses its discretion in denying a motion for new trial only when its ruling is unsupportable on any

9

reasonable view of the record. *Holden*, 201 S.W.3d at 763; *Clarke v. State*, 305 S.W.3d 841, 846 (Tex.App.--Houston [14th Dist.] 2010, pet. ref'd).

*Application*

At the hearing on Appellant's motion for new trial, counsel argued that Sergeant Gray's testimony was a surprise requiring a new trial because: (1) he had no way to anticipate potential testimony that Appellant had failed to register as a sex offender; (2) he did not have time to obtain records to refute the testimony; (3) the false testimony came from the last State's witness; (4) the only person who could have refuted the false testimony was Appellant who elected not to testify; and (5) the State relied "heavily" on the false statement in its closing argument.

It is undisputed that Appellant did not request notice of bad acts committed by Appellant prior to trial.[4] *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(g)(West Supp. 2011); TEX.R.EVID. 404(b). Absent such a request, Appellant cannot now claim surprise. Further, because a trial court may admit evidence as to any matter the trial court deems relevant to sentencing during the punishment phase of a trial, we cannot say that the testimony would have been excluded if a request had been made or an objection lodged. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1). Clearly, Sergeant Gray's testimony, as outlined above, was relevant to sentencing and therefore admissible. Accordingly, the issue is whether Sergeant Gray's testimony: (1) was that Appellant had failed to register as a sex offender; and (2) if that was indeed her testimony, whether said testimony was false. If her testimony was false, the question becomes whether the "new evidence" was material such that it would probably bring about a different result in a new trial.

---

[4] Nor did he object to the testimony during trial.

10

In considering the totality of Sergeant Gray's testimony, we conclude that the trial court could have determined that she did not testify that Appellant, as a registered sex offender, was failing to report. Her testimony was unequivocal on that point. When asked on cross whether Appellant had failed to report, she responded "no." She stated that he had failed to comply with at least two requirements applicable to sex offenders, specifically, that he had failed to agree to take a polygraph test, and he had failed to take sex offender classes. She was obviously confusing Appellant's parole violations with the statutory registration requirements. However, given that the parties did not clarify this testimony further, and because the trial court did not provide the reasons for its denial of the motion for new trial, the trial court could have concluded that Sergeant Gray's testimony was not false. Viewing the evidence in the light most favorable to the trial court's ruling on any theory of law applicable to the case, we cannot say that the trial court's decision was outside the zone of reasonable disagreement such that it constituted an abuse of discretion. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

Next, at the hearing on the motion for new trial, Appellant argued that under *Brady v. Maryland*, evidence existed which established that Appellant had registered as a sex offender. As a result, he contends that the State had an obligation to produce evidence favorable to Appellant, specifically evidence which refuted Sergeant Gray's testimony, that evidence being the Texas Department of Public Safety Sex Offender Update Form he offered as Exhibit 1 during the hearing on the motion for new trial.

There is no evidence in the record that the State believed that Sergeant Gray's testimony was false, or even inaccurate. Indeed, Appellant concedes there is no evidence that the State acted in bad faith relative to Sergeant Gray's testimony. As noted above, a review of her

11

testimony reveals that Sergeant Gray specifically stated that she was not testifying that Appellant had failed to report. In light of the foregoing, the trial court could reasonably have concluded that Sergeant Gray's testimony was not false and, as a result, no duty under *Brady* arose. Even had the trial court determined that Sergeant Gray testified falsely, there is no evidence in the record which would have imputed that testimony to the State. Finally, even if the testimony as to that one point was false, the evidence that Appellant had violated two parole requirements -- failure to agree to take a polygraph and failure to take sex offender classes -- was unchallenged at trial, and is unchallenged in this appeal. As a result, the trial judge could have concluded that testimony was not material, and there was no harm to Appellant in light of the other evidence presented.

Next, Appellant argues that he was entitled to a new trial because the newly discovered evidence that Appellant had complied with the sex offender registration requirements would have brought about a different result at a new trial. A sentencing court must grant a motion for new trial if "material evidence favorable to the accused has been discovered since trial." TEX.CODE CRIM.PROC.ANN. art. 40.001 (West 2006). Under this standard, a defendant is entitled to have his motion for new trial granted if: (1) the newly discovered evidence was unknown to him at the time of trial; (2) his failure to discover the new evidence was not due to his lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003).

Appellant did not have the benefit of the Sex Offender Update Form available to him at trial thereby satisfying the first element of the *Wallace* standard, and there is no evidence in the record that he failed to discover the form through his lack of due diligence, although Appellant

12

himself should have known that he had not violated his registration requirements. Had he informed his counsel of that fact, his attorney could have asked additional questions or interposed an objection. However, Appellant's counsel did ask the penultimate question: "and you're certain that he was failing to report" to which Sergeant Gray responded "no," thereby mitigating any need for the "new evidence." The new evidence may have been admissible, and likely was not merely cumulative, corroborative, collateral, or impeaching. But, while the information contained in the Sex Offender Update Form was not challenged, and was likely true, there is no evidence in the record which shows that it would "probably bring about a different result in a new trial," particularly in light of the unchallenged evidence that Appellant failed to agree to the polygraph test and failed to take sex offender classes. *See id.*

Finally, Appellant contends that a new trial is required because Sergeant Gray testified falsely. One important consideration in determining whether a new trial is an appropriate remedy is whether the State knowingly elicited false testimony. *See Ex parte Ghahremani,* 332 S.W.3d 470, 478 (Tex.Crim.App. 2011). If the State is unaware of the false testimony, the strength of that testimony relative to the strength of the other evidence presented is also a consideration in determining the materiality of the false testimony. *Id.* at 480. As noted above, the record does not establish that Sergeant Gray provided false testimony. She specifically stated that Appellant had not failed to report; rather, he had failed to agree to take a polygraph test as required, and he had failed to take sex offender classes.[5] Based on the evidence presented at the hearing on the

---

[5] There was also some evidence that Appellant may have violated the registration requirements. *See* TEX.CODE CRIM.PROC.ANN. art. 62.051 (West Supp. 2011); art. 62.102 (West 2006). At the time of the offense, Appellant was obligated to reside at his wife's address. However, evidence was presented which showed that he may not have lived at that address for several days.

motion for new trial, the trial court could reasonably have concluded that Sergeant Gray did not testify falsely, and that even if her testimony was false, other material evidence supported the jury's determination as to punishment.

After consideration of the record as a whole, as well as the record on the motion for new trial, and having viewed all of the evidence in the light most favorable to the trial court's ruling, we cannot conclude that the trial court's decision to deny the motion for new trial was outside the zone of reasonable disagreement such that it constituted an abuse of discretion. Issue Two is overruled.

## Conclusion

Having overruled both of Appellant's issues, the judgment of the trial court is affirmed.

February 29, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

14