COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 


 
 
  
 RAYMOND BRYAN FREE,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,  
  
                             Appellee. 
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
  
  
 
 
  
 No.
 08-11-00024-CR
  
 Appeal
 from the
  
 355th
 Judicial District Court
  
 of
 Hood County, Texas 
                                     
 (TC#
 CR11408) 
 
 


O P I N I O N

            Raymond Bryan Free was convicted of the
second degree felony offense of possession of more than one gram but less than
four grams of a controlled substance, methamphetamine, with intent to
deliver.  The indictment also included
two enhancement paragraphs which elevated the punishment range to that of a
first degree felony.  After pleading
guilty to the offense, and true to the enhancement paragraphs, a jury sentenced
Free to eighty-five (85) years’ in prison. 
In two issues on appeal, he argues that:  (1) the trial judge should have been recused
because he was biased against Free for the reason that the judge did not
consider the full range of punishment and interfered with the plea bargain
process; and (2) a witness for the State provided false testimony such that
Free was denied his right to a fair trial. 
We affirm.

 

Background

            A fugitive
warrant for the arrest of Raymond Bryan Free was issued by the Attorney General’s
Office alleging that Free had violated the terms and conditions of his parole
by refusing to take polygraphs and participate in sex offender treatment.[1]  On July 2, 2009, Appellant was apprehended in
Granbury, Texas.  During a search,
officers located methamphetamine in Appellant’s pants pocket.  A search of the vehicle being driven by
Appellant revealed a set of electronic scales and a number of small plastic
baggies.

            On November
4, 2009, Appellant was indicted for the offenses of:  possession of more than one gram but less
than four grams of a controlled substance, methamphetamine, with intent to
deliver; and possession of more than one gram but less than four grams of a
controlled substance, methamphetamine. 
The indictment, in two enhancement paragraphs, further alleged that
prior to the commission of the offenses alleged in the indictment,
Appellant had previously been convicted of aggravated sexual assault of a child
in two separate cases.  The two
enhancement paragraphs elevated the punishment range from a second degree
felony to a first degree felony as to count one of the indictment and from a
third degree felony to a second degree felony for count two of the indictment.  On July 6, 2010, the State filed a Notice of
Enhancement alleging that, in addition to the two prior convictions for
aggravated sexual assault of a child, Appellant had also previously been
convicted of the offenses of felony theft and forgery.  As a result of the Notice of Enhancement, upon
conviction, Appellant would be punished as a habitual offender.

            The parties
negotiated a plea agreement which called for Appellant to plead guilty to count
two of the indictment.  In exchange for
Appellant’s plea of guilty to count two of the indictment, the State agreed to
dismiss count one and recommend a sentence of twenty years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  The trial court rejected the plea agreement
and informed the parties that the minimum was twenty-five years.

            Appellant’s
counsel, pursuant to Texas Rule of Civil Procedure 18(b)(2),
filed a motion to recuse the trial judge alleging that the judge’s impartiality
might reasonably be questioned and that a personal bias or prejudice existed
against Appellant in light of the trial judge’s refusal to dismiss count one of
the indictment and in light of the trial judge stating “20 years is not enough
punishment.”

            On
September 17, 2010, Judge John Neill held a hearing on Appellant’s Motion to
Recuse Judge Ralph Walton, Jr.  Both
Appellant and the State presented their arguments, but no evidence was offered
during the hearing.  Appellant argued
that:  (1) no pre-sentence investigation
report had been prepared; (2) the judge had not reviewed any evidence; (3) the
judge had never seen Appellant face-to-face; (4) the judge had only reviewed
the indictment; (5) the judge had pre-judged the case with no evidence having been
presented; (6) the judge had become a party to the plea negotiations; (7)
Appellant’s option to have the judge hear any other phase of the case was
removed because the judge had predetermined Appellant’s guilt and a minimum
sentence prior to hearing any evidence; (8) the judge’s actions exceeded the
bounds of the Texas Code of Criminal Procedure; and (9) a reasonable person
would harbor doubts as to the judge’s impartiality on the guilt/innocence and
punishment phases of the case.  At the
conclusion of the hearing, Judge Neill determined that a trial judge had the
authority to reject a plea and to refuse to sign a motion to dismiss, and
denied the motion to recuse.

            On November
15, 2010, the case proceeded to trial and a jury was selected.  On November 17, 2010, before the jury,
Appellant pled guilty to count one of the indictment
and pled true to the two enhancement paragraphs contained in the indictment.[2]  The State abandoned its separate Notice of
Enhancement which included Appellant’s felony theft and forgery convictions; as
a result, Appellant was subject to a first degree felony punishment range of five
to ninety-nine years rather than the punishment range for a habitual offender.  At the conclusion of the punishment hearing,
the jury assessed punishment at eighty-five years confinement in the
Institutional Division of the Texas Department of Criminal Justice and imposed
no fine.

Motion to Recuse

            In his
first issue, Appellant argues that the the trial judge was biased against him for the reason that the judge did
not consider the full range of punishment and interfered with the plea bargain
process.

Standard of Review

A Texas judge
may be removed from a case if he is:  (1)
constitutionally disqualified; (2) subject to a statutory strike; (3) subject
to statutory disqualification; or (4) subject to recusal under rules
promulgated by the Texas Supreme Court.  Gaal v. State, 332 S.W.3d 448, 452 (Tex.Crim.App.
2011).  Rule 18b(2) of the
Texas Rules of Civil Procedure sets forth the law specifically pertaining to
recusal of judges, including recusals in criminal proceedings. Tex.R.Civ.P. 18b(2); Gaal, 332 S.W.3d at 452-53 & n.12.  It states in relevant part:  “A judge shall recuse himself in any
proceeding in which:  (a) his impartiality
might reasonably be questioned; [or] (b) he has a personal bias or prejudice
concerning the subject matter or a party, or personal knowledge of disputed
evidentiary facts concerning the proceeding . . . .”  Tex.R.Civ.P. 18b(2).  Subsection (a) generally applies only when it
appears that the judge “harbors an aversion, hostility or disposition of a kind
that a fair-minded person could not set aside when judging the dispute.”  Gaal, 332 S.W.3d at 453, quoting
Liteky v. United States, 510 U.S.
540, 558, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(Kennedy, J., concurring).  Subsection (b) more specifically addresses
what the judge knows and feels.  Gaal, 332 S.W.3d at 453.



Recusal is generally not required purely on the basis of
judicial rulings, remarks, or actions, as they would not on their own typically
“evidence the degree of favoritism or antagonism required;” these will usually
be grounds for reversal if in error, but not for recusal.  Id. at 454, quoting
Liteky v. United States, 510 U.S. at
555, 114 S.Ct. at 1157.  On the other hand, recusal is appropriate if
the facts are such that a reasonable person would harbor doubts as to the
impartiality of the trial judge.  Kemp v. State, 846 S.W.2d 289, 305 (Tex.Crim.App. 1992).

We review an order denying a motion to recuse under an abuse of discretion standard, affirming so
long as the ruling on the motion is within the zone of reasonable disagreement.
 Gaal, 332 S.W.3d at 456.  We
consider the totality of the evidence and information presented at the recusal
hearing to see if the record reveals sufficient evidence to support the
conclusion that the trial judge was unbiased.  Id.

Application

Essentially, Appellant contends
that Judge Walton’s refusal to consider a sentence of twenty years as to Count
Two of the Indictment and his refusal to consider dismissing Count One as part
of the plea bargain reached by the parties evidences a personal bias or
prejudice against Appellant, such that his impartiality might be reasonably questioned. 
However, nothing in the record indicates that Judge Walton held any
particular or general antagonism whatsoever toward Appellant.  Appellant points this Court to nothing more
than Judge Walton’s rejection of the plea agreement after a review of the
Indictment and the Notice of Enhancement. 
Appellant’s
assertion that Judge Walton’s refusal to even consider dismissing Count One of
the Indictment deprived him of consideration of the full range of punishment
options is not supported by the record. 
It is clear, considering the totality of the information presented at
the recusal hearing, and the record as a whole, that Judge Walton did consider
the full range of punishment.  Given the
Notice of Enhancement filed by the State, Appellant was subject to a punishment
range of twenty-five to ninety-nine years as a habitual offender.  See
Tex.Pen.Code Ann. § 12.42(d)(West
Supp. 2011).  Certainly, the trial judge’s
refusal to accept a plea agreement which included dismissal of the most serious
count in the indictment was within his discretion and does not, without more,
establish bias or prejudice.  See Gaal, 332 S.W.3d at 457.  In
Gaal, the Court of Criminal Appeals explained that a “trial judge may
in every case or in any particular case refuse to allow plea bargaining . . . .
 The defendant does not have an absolute
right to enter into a plea bargain.”  Gaal, 332 S.W.3d at 457,
quoting Morano v. State, 572 S.W.2d
550, 551 (Tex.Crim.App. 1978).  Judge Walton merely refused to accept a plea
bargain in this case.

Appellant attempts to distinguish Gaal by suggesting that the
court’s decision is limited to unique facts.  However, what cannot be ignored in Gaal, and prior precedent, is that a trial
judge has the discretion to reject any particular plea agreement or all plea
agreements.  Id.  As a result,
absent other evidence, a trial judge’s rejection of a plea agreement is not
sufficient evidence of bias or partiality to necessitate recusal.  In other words, evidence that Judge Walton refused
to accept a plea agreement calling for dismissal of the most serious count in
the indictment, and a sentence at the maximum for the remaining count, does not
establish that he should have been recused.  In light of Appellant’s criminal history, as
evidenced by the enhancement paragraphs contained in the Indictment as well as
the Notice of Enhancement filed by the State, we cannot say that Judge Walton’s
decision to refuse the plea agreement evidences any bias or prejudice against
Appellant such that Judge Walton’s impartiality might reasonably be
questioned.  Consequently, Judge Neill
did not abuse his discretion in denying the motion to recuse inasmuch as the ruling on the motion was within the
zone of reasonable disagreement.  See Gaal, 332 S.W.3d at 456.  Issue One is overruled.

False Testimony

            In his remaining
issue, Appellant contends that he was deprived of his right to a fair trial as
a direct result of the false testimony presented through one of the State’s
witnesses.  Appellant raises several
sub-issues under his second issue.  Those
sub-issues include claims that the false testimony by Sergeant Gray entitled
him to a new trial:  (1) based on
surprise; (2) because, under Brady v.
Maryland,[3]
evidence existed which established that Appellant had registered as a sex
offender; (3) in light of newly discovered evidence that Appellant had complied
with the sex offender registration requirements; and (4) because a State’s
witness testified falsely.

The State’s final witness during
the punishment hearing was Sergeant Cora Gray of the Attorney General’s Office.  The last three questions asked of Sergeant
Gray by the prosecutor form the heart of Appellant’s complaint.  She was asked:

Q.        Okay.  And do you know what Mr. Free, this
defendant, was -- how he had violated his parole?

 

A.        Yes, ma’am.

 

Q.        And -- and what were those reasons?

 

A.        Not
complying with his sex offender registration duties, and failing to agree to
take the polygraph test, and not taking his sex offender classes.

 

Q.        And
-- and do you know what the significance is of
refusing polygraph tests?

 

A.        They
generally use the polygraph test and go over questions such as “Have you been
around children?” or have they violated certain stipulations of their sex
offender registration. Generally refusing to take that test means that -- and
it’s just a general hypothesis, it is not --

 

Q.        Right.

 

A.        
-- it’s not a definite, but it generally leads to the fact that they have
violated some of their requirements or some of their stipulations.

 

Q.        Okay.

 

On cross-examination, Appellant’s
counsel inquired further on this issue.

Q.        Now,
was -- was Mr. Free, at this time before the arrest,
reporting regularly?

 

A.        I do not know sir.  I’m
not the parole officer.

 

Q.        Okay.  So -- but that wasn’t one of the allegations
that they had told you, right?

 

A.        No, sir.

 

Q.        Okay.  And so, again, you -- there was no -- you had
no knowledge of any new criminal activity at all, did you?

 

A.        No,
sir.  His failure to report or to --
failure to keep -- comply with his sex offender registrations is a felony in
the State of Texas.

 

Q.        Well, the -- and you’re certain that he
was failing to report?

A.        No. 
Failing to comply with his registration requirements.

            Following
the trial, Appellant filed a motion for new trial and a supplemental motion for
new trial which were heard on February 7, 2011. 
Therein, Appellant contended that Sergeant Gray falsely testified that
Appellant had deliberately failed to register as a sex offender which left the
jury “with a significant misconception that was highly prejudicial to
Appellant, and such false testimony denied Appellant his due process and equal
protection rights to a fair trial” under the Sixth and Fourteenth Amendments to
the United States Constitution.  Appellant
asserted that subsequent to the trial, he located a Texas Department of Public
Safety Sex Offender Update Form for Appellant which established that Appellant
had not violated his sex offender registration requirements.  This
document was admitted as Exhibit 1 during the hearing on the motion for new
trial.  After hearing the testimony of
Appellant’s trial attorney and considering the arguments of counsel, the trial
court denied Appellant’s motion for new trial.

Standard of Review

We review a trial court’s decision
on a motion for new trial for an abuse of discretion. Holden v. State, 201 S.W.3d 761, 763 (Tex.Crim.App.
2006); Keeter v. State, 74 S.W.3d 31, 37 (Tex.Crim.App. 2002)(applying abuse
of discretion standard to review of trial court’s ruling on motion for new
trial based on recantation of witness testimony).  We do not substitute our judgment for the
trial court’s, but rather decide whether the trial court’s decision was
arbitrary or unreasonable.  Holden, 201 S.W.3d at
763.  We view the evidence in the
light most favorable to the trial court’s ruling, deferring to its credibility
determinations, and we presume all reasonable factual findings that could have
been made in support of the court’s ruling.  Quinn v.
State, 958 S.W.2d 395, 402 (Tex.Crim.App. 1997)(reviewing court must view the evidence in the light most
favorable to the trial court’s ruling when there are no findings of fact).  A trial court abuses its discretion in
denying a motion for new trial only when its ruling is unsupportable on any
reasonable view of the record.  Holden, 201 S.W.3d at 763; Clarke v. State, 305 S.W.3d 841, 846 (Tex.App.--Houston [14th Dist.] 2010, pet. ref’d).

Application

            At the
hearing on Appellant’s motion for new trial, counsel argued that Sergeant Gray’s
testimony was a surprise requiring a new trial because:  (1) he had no way to anticipate potential
testimony that Appellant had failed to register as a sex offender; (2) he did
not have time to obtain records to refute the testimony; (3) the false
testimony came from the last State’s witness; (4) the only person who could
have refuted the false testimony was Appellant who elected not to testify; and
(5) the State relied “heavily” on the false statement in its closing argument.

            It is
undisputed that Appellant did not request notice of bad acts committed by
Appellant prior to trial.[4]  See
Tex.Code Crim.Proc.Ann.
art. 37.07, § 3(g)(West Supp.
2011); Tex.R.Evid.
404(b).  Absent
such a request, Appellant cannot now claim surprise.  Further, because a trial court may admit
evidence as to any matter the trial court deems relevant to sentencing during
the punishment phase of a trial, we cannot say that the testimony would have
been excluded if a request had been made or an objection lodged.  Tex.Code Crim.Proc.Ann.
art. 37.07, § 3(a)(1).  Clearly, Sergeant Gray’s testimony, as
outlined above, was relevant to sentencing and therefore admissible.  Accordingly, the issue is whether Sergeant
Gray’s testimony:  (1) was that Appellant
had failed to register as a sex offender; and (2) if that was indeed her
testimony, whether said testimony was false.  If her testimony was false, the question
becomes whether the “new evidence” was material such that it would probably
bring about a different result in a new trial.

            In
considering the totality of Sergeant Gray’s testimony, we conclude that the
trial court could have determined that she did not testify that Appellant, as a
registered sex offender, was failing to report. 
Her testimony was unequivocal on that point.  When asked on cross whether Appellant had
failed to report, she responded “no.” 
She stated that he had failed to comply with at least two requirements
applicable to sex offenders, specifically, that he had failed to agree to take
a polygraph test, and he had failed to take sex offender classes.  She was obviously confusing Appellant’s parole
violations with the statutory registration requirements.  However, given that the parties did not
clarify this testimony further, and because the trial court did not provide the
reasons for its denial of the motion for new trial, the trial court could have
concluded that Sergeant Gray’s testimony was not false.  Viewing the evidence in the light most
favorable to the trial court’s ruling on any theory of law applicable to the
case, we cannot say that the trial court’s decision was outside the zone of
reasonable disagreement such that it constituted an abuse of discretion.  See
Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

            Next, at the
hearing on the motion for new trial, Appellant argued that under Brady v. Maryland, evidence existed
which established that Appellant had registered as a sex offender.  As a result, he contends that the State had
an obligation to produce evidence favorable to Appellant, specifically evidence
which refuted Sergeant Gray’s testimony, that evidence being the Texas
Department of Public Safety Sex Offender Update Form he offered as Exhibit 1
during the hearing on the motion for new trial.

            There is no
evidence in the record that the State believed that Sergeant Gray’s testimony
was false, or even inaccurate.  Indeed,
Appellant concedes there is no evidence that the State acted in bad faith
relative to Sergeant Gray’s testimony.  As noted above, a review of her testimony
reveals that Sergeant Gray specifically stated that she was not testifying that
Appellant had failed to report.  In light
of the foregoing, the trial court could reasonably have concluded that Sergeant
Gray’s testimony was not false and, as a result, no duty under Brady arose.  Even had the trial court determined that
Sergeant Gray testified falsely, there is no evidence in the record which would
have imputed that testimony to the State. 
Finally, even if the testimony as to that one point was false, the
evidence that Appellant had violated two parole requirements -- failure to
agree to take a polygraph and failure to take sex offender classes -- was
unchallenged at trial, and is unchallenged in this appeal.  As a result, the trial judge could have
concluded that testimony was not material, and there was no harm to Appellant
in light of the other evidence presented.

            Next,
Appellant argues that he was entitled to a new trial because the newly
discovered evidence that Appellant had complied with the sex offender
registration requirements would have brought about a different result at a new
trial.  A sentencing court must grant a
motion for new trial if “material evidence favorable to the accused has been
discovered since trial.”  Tex.Code Crim.Proc.Ann.
art. 40.001 (West 2006).  Under this standard, a defendant is entitled
to have his motion for new trial granted if:  (1) the newly discovered evidence was unknown
to him at the time of trial; (2) his failure to discover the new evidence was
not due to his lack of due diligence; (3) the new evidence is admissible and
not merely cumulative, corroborative, collateral, or impeaching; and (4) the
new evidence is probably true and will probably bring about a different result
in a new trial.  Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003).

Appellant did not have the benefit
of the Sex Offender Update Form available to him at trial thereby satisfying
the first element of the Wallace
standard, and there is no evidence in the record that he failed to discover the
form through his lack of due diligence, although Appellant himself should have
known that he had not violated his registration requirements.  Had he informed his counsel of that fact, his
attorney could have asked additional questions or interposed an objection.  However, Appellant’s counsel did ask the
penultimate question:  “and you’re
certain that he was failing to report” to which Sergeant Gray responded “no,”
thereby mitigating any need for the “new evidence.”  The new evidence may have been admissible, and
likely was not merely cumulative, corroborative, collateral, or
impeaching.  But, while the information
contained in the Sex Offender Update Form was not challenged, and was likely
true, there is no evidence in the record which shows that it would “probably
bring about a different result in a new trial,” particularly in light of the unchallenged
evidence that Appellant failed to agree to the polygraph test and failed to
take sex offender classes.  See id.

Finally, Appellant contends that a
new trial is required because Sergeant Gray testified falsely.  One important consideration in determining
whether a new trial is an appropriate remedy is whether the State knowingly
elicited false testimony.  See Ex parte Ghahremani, 332 S.W.3d 470, 478 (Tex.Crim.App.
2011).  If the State is unaware of
the false testimony, the strength of that testimony relative to the strength of
the other evidence presented is also a consideration in determining the
materiality of the false testimony.  Id. at 480.  As noted above, the record does not establish
that Sergeant Gray provided false testimony. 
She specifically stated that Appellant had not failed to report; rather,
he had failed to agree to take a polygraph test as required, and he had failed
to take sex offender classes.[5]  Based on the evidence presented at the
hearing on the motion for new trial, the trial court could reasonably have
concluded that Sergeant Gray did not testify falsely, and that even if her
testimony was false, other material evidence supported the jury’s determination
as to punishment.

After consideration of the record
as a whole, as well as the record on the motion for new trial, and having
viewed all of the evidence in the light most favorable to the trial court’s
ruling, we cannot conclude that the trial court’s decision to deny the motion
for new trial was outside the zone of reasonable disagreement such that it
constituted an abuse of discretion. 
Issue Two is overruled.

Conclusion

            Having
overruled both of Appellant’s issues, the judgment of the trial court is
affirmed.

 

 

 

February 29, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and
Antcliff, JJ.

 

(Do Not Publish)











[1]
Appellant was on parole for two separate aggravated sexual assault of a child
offenses.





[2]
On December 1, 2010, the State filed a “Motion to Dismiss Count II on [sic]
Indictment” which was granted by the trial court.





[3]
373 U.S. 83, 83 S.Ct. 1194, 10
L.Ed.2d 215 (1963).





[4]
Nor did he object to the testimony during trial.





[5]
There was also some evidence that Appellant may have violated the registration
requirements.  See Tex.Code Crim.Proc.Ann.
art. 62.051 (West Supp. 2011); art.
62.102 (West 2006). 
At the time of the offense, Appellant was obligated to reside at his
wife’s address.  However, evidence was
presented which showed that he may not have lived at that address for several
days.