**Opinion issued April 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01039-CR

———————————

## KEMBERLY ANN FIELDS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1364707**

## MEMORANDUM OPINION

Kemberly Ann Fields pleaded guilty to the second-degree felony offense of

aggregate theft from a non-profit organization.[1]  Following the punishment phase

---

[1]  *See* TEX. PENAL CODE ANN. §§ 31.03, 31.09 (West 2011).

of trial, the jury assessed appellant's punishment at three years' confinement and a $5,000 fine. In two points of error, appellant contends that the trial court abused its discretion by arbitrarily refusing to honor the parties' plea bargain and, in doing so, acted contrary to the public policy favoring plea agreements. We affirm.

## Background

In 2009 and 2010, appellant served as president of the local union branch of the Security, Police, and Fire Professionals of America ("SPFPA"), a non-profit organization. In the summer of 2010, the SPFPA's international branch discovered missing funds in its Houston branch and contacted Shayne Geren, an investigator with the United States Department of Labor. In the course of his investigation, Geren learned that appellant had submitted fraudulent "lost time" vouchers to the union from December 2009 to approximately March 2010.[2] Specifically, union records revealed that appellant had fraudulently claimed approximately $5,600 in lost time when, in fact, she had earned regular pay from her employer, Diamond Group Security Service, for those same days.[3] Geren also discovered that

---

[2] "Lost time" refers to the time a union officer spends fulfilling union duties (e.g., providing representation at a grievance or involvement in bargaining issues) and for which the union officer takes a leave of absence from her regular employment. The union pays the union officer for lost wages during the period of leave.

[3] Diamond Group provides security services at the Johnson Space Center.

appellant had made approximately $17,600 in unauthorized cash withdrawals from the local union's bank account from February to June 2010.

Appellant pleaded guilty to the charged offense and elected to have a jury assess her punishment.[4] At the conclusion of the punishment phase, the jury found appellant guilty and assessed her punishment at three years' confinement and a $5,000 fine. Appellant timely filed this appeal.

## Discussion

In her first point of error, appellant contends that the trial court abused its discretion by arbitrarily refusing to allow the parties to go through with a plea agreement because the trial had already been set. The State asserts that there is no evidence in the record that the trial court interfered with plea negotiations.

Although Texas trial judges are not expressly prohibited by statute or any rule of law from participating in a plea bargaining session, the Court of Criminal Appeals has cautioned trial judges to not participate in any plea bargain agreement discussions until an agreement has been reached between the prosecutor and the defendant. *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (en banc); *Ex parte Shuflin*, 528 S.W.2d 610, 615–17 (Tex. Crim. App. 1975). This admonition arises because the trial judge should always avoid the appearance of any judicial coercion or prejudgment of the defendant since such

---

[4] At the time of trial, appellant had paid back approximately $17,000 of the nearly $23,000 in stolen union funds.

influence might affect the voluntariness of the defendant's plea. *Perkins*, 738 S.W.2d at 282. However, a defendant has no absolute right to enter into a plea bargain. *Gaal v. State*, 332 S.W.3d 448, 457 (Tex. Crim. App. 2011) (citing *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978)). The trial court remains free in every case to refuse to allow plea bargaining or to reject a particular plea bargain entered into by the State and the defendant. *See id.* at 457.

Appellant claims that the trial judge arbitrarily refused to allow the parties to go through with their plea agreement because the trial was already set on the calendar. She argues that while "this same judge allowed many other trials that were written in her calendar to be pled out," the judge refused to honor the parties' agreement in this case based on "whim or impulse."

Initially, we note that appellant does not cite to any portion of the record in support of her contention. *See* TEX. R. APP. P. 38.1(h); *In re J.M.C.A.*, 31 S.W.3d 692, 699 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("A party asserting error on appeal bears the burden of showing that the record supports the contention raised, and of specifying the place in the record where matters upon which he relies or of which he complains are shown."). Moreover, our review of the record reveals no evidence showing that the trial court rejected any proposed plea agreement. To the contrary, the record demonstrates a lack of agreement between

4

the parties regarding a plea. At the pretrial conference, when the trial court asked

the State for its recommendation, the following exchange took place:

> [Prosecutor]: Judge, we've always thought straight adjudicated probation would be appropriate. We just simply don't believe deferred adjudication is appropriate, and we've never discussed the length of [] probation.
>
> [Court]: That's what I remembered is that you were willing to offer probation—
>
> [Prosecutor]: Yes, ma'am.
>
> [Court]: —and she wanted deferred because I remember that I did discuss with you if you are found guilty at trial, nobody can be deferred.
>
> [Defendant]: Yes, ma'am.

Later, at the close of evidence and before closing arguments, the following

discussion occurred:

> [Trial counsel]: Okay. Thank you. I just would like to put on the record that prior to selecting this jury that Ms. Fields had expressed a desire to plead to a [presentence investigation] and I believe the prosecution was unopposed to that at that time and that I've advised her of going forward with her—the risk and consequences are but that it was her desire and her stated intention to plead to a PSI prior to selecting this jury.
>
> [Court]: Okay.
>
> [Trial Counsel]: That's all, Judge.
>
> [Court]: Well, then as I pointed out several times—Ms. Fields was admonished several times by the Court that she had the opportunity to plead earlier and that had been advised that the Court would not entertain the deferred adjudication at that time and she wished to go to

5

trial for that reason even though she had been offered probation.  So—all right.

Thus, the record does not support appellant's contention that the parties had agreed to a plea; rather, it shows that appellant wanted deferred adjudication while the State was only willing to offer probation.

We note that appellant filed a motion for new trial in which she argued that "[t]he defendant in this case [] wished to plead guilty to this charge and the prosecution had agreed to plead to a PSI hearing.  However, the judge would not allow the Defendant to waive her right to a jury trial in this case."  Appellant, however, failed to request a hearing on her motion and, therefore, did not place evidence of the alleged plea bargain rejection into the appellate record.  Absent any evidence to support appellant's contention that there was a plea agreement, we overrule her first point of error.[5]

---

[5]  In light of our disposition of her first point of error, we do not reach appellant's second point of error pertaining to the public policy favoring plea bargaining.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).