# NO. 12-18-00226-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEANTON SHAMOND BURNS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Deanton Shamond Burns appeals his conviction for evading arrest or detention with a vehicle. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Arp Police Department Officer Joseph Keegan worked traffic enforcement when Appellant passed him traveling at approximately one hundred miles per hour. When Officer Keegan attempted to detain him, Appellant accelerated and continued to evade. Eventually, another officer deployed "stop strips" that caused a tire in Appellant's vehicle to deflate. Shortly thereafter, Appellant stopped and fled on foot in a wooded area. Once taken into custody, Appellant told Officer Keegan that he ran because he had an outstanding warrant for his arrest.

Appellant was arrested and indicted for evading arrest or detention with a motor vehicle, a third degree felony.[1] Pursuant to a plea agreement, Appellant pleaded "guilty" to the offense. However, the trial court rejected the agreement and set the case for an open plea of "guilty" before

---

[1] *See* TEX. PENAL CODE ANN. 38.04(b)(2)(A) (West 2016).

a jury.[2]  After a hearing on punishment, the jury sentenced Appellant to eight years of imprisonment.  This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's appellate counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel relates that he reviewed the record and found no reversible error or jurisdictional defect.  In compliance with *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We considered counsel's brief and conducted our own independent review of the record.  *Id.* at 811.  We found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so, we agree with counsel that the appeal is wholly frivolous.  Accordingly, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment.  Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for

---

[2] The rejection of the plea agreement was within the trial court's discretion and a defendant has no absolute right to enter into a plea agreement. *See Gaal v. State,* 332 S.W.3d 448, 457 (Tex. Crim. App. 2011); *see also Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978) (holding that trial court may reject plea bargain and trial court did not err in refusing to permit the appellant to withdraw his plea of guilty)

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief.  The time for filing such a brief has expired and no pro se brief has been filed.

discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 15, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 15, 2019

NO. 12-18-00226-CR

**DEANTON SHAMOND BURNS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0746-18)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and, Neeley, J.*

# THE STATE OF TEXAS
# M A N D A T E
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 114TH DISTRICT COURT OF SMITH COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 7th day of May, 2019, the cause upon appeal to revise or reverse your judgment between

**DEANTON SHAMOND BURNS, Appellant**

**NO. 12-18-00226-CR; Trial Court No. 114-0746-18**

By *per curiam* opinion.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"Text goes here."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of May, 2019.

KATRINA MCCLENNY, CLERK

By: *Katrina McClenny*
Chief Deputy Clerk