Mark MORANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 58968.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 25, 1978.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana. The punishment is imprisonment for five years. The appellant waived a jury trial and without a recommendation from the State concerning the punishment to be assessed entered a plea of guilty before the court.

The appellant complains that the local rules for the courts in Bell County unlawfully prevent him from entering into a plea bargain and that he should have been allowed to withdraw his plea of guilty. He also complains of sentencing guidelines used by the judges in Bell County to assess punishment.

The appellant argues that since Art. 26.13, V.A.C.C.P.[1] sanctions plea bargains,

1. Art. 26.13, V.A.C.C.P. provides:
   "(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

   "(1) the range of punishment attached to the offense; and
   "(2) the fact that the recommendation of the prosecuting attorney as to punishment is not

this Court should hold all defendants charged with felonies have an absolute right to enter into plea bargains. This argument is not sound. It is no more reasonable to argue that the State must enter into a plea bargain with every defendant than to argue that every defendant must plead guilty and enter into a plea bargain. We do not interpret Art. 26.13, V.A.C.C.P. to require plea bargains.

■ When a defendant waives a jury, the trial judge has discretion to assess the punishment within the range provided by law which he finds appropriate in the circumstances. Furthermore, a trial judge may in every case or in any particular case refuse to allow plea bargaining and he may refuse to allow the prosecutor to offer recommendations concerning the punishment to be assessed. The defendant does not have an absolute right to enter into a plea bargain.

■ In Bell County in most cases the judges do not allow plea bargaining; this is announced and provided for in the local rules. The appellant and his attorney were aware of these rules before the plea of guilty was entered. The trial court did not err in refusing to permit the appellant to withdraw his plea of guilty at the time of sentencing after the court had refused to grant probation.

■ Defendants should be treated the same when they have similar backgrounds and commit criminal offenses in similar circumstances. To accomplish this purpose judges in Bell County have published as part of the local rules guidelines which they use in assessing punishment. A full discussion of the use of sentencing guidelines by

trial judges in assessing punishment may not be appropriate here. However, trial judges in other jurisdictions are making innovative use of sentencing guidelines. These guidelines help judges in their attempts to eliminate disparity of punishment. Also, the use of guidelines properly formulated will return to trial judges their discretion in assessing punishment and sentencing defendants, which they have lost because of plea bargaining. We should encourage those seeking to eliminate disparity in assessment of punishment and in returning the proper discretion to trial judges. Sentencing guidelines may help accomplish these laudable goals.

Trial judges have discretion in assessing punishment; we find no abuse of that discretion by the Bell County judges in using guidelines to aid them in exercising their discretion.

The judgment is affirmed.

binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and no statement or other evidence received during such hearing on the defendant's plea of guilty or nolo contendere may be admitted against the defendant on the issue of guilt or

punishment in any subsequent criminal proceeding.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."