**Paul WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–03–00395–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 19, 2005.

---

Deborah Stanton Burke, Suzanne M. Kramer, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Paul Wright was found guilty of attempted murder by a jury and was sentenced to fifty years imprisonment. The issue on appeal is whether Wright is entitled to seek specific performance of a plea bargain agreement with the State that provided for a maximum sentence of eighteen years imprisonment. We hold that he is, and therefore reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Paul Wright was indicted for the attempted murder of Aaron Engels. Several months later, Wright and the State entered into a plea bargain agreement which provided that Wright would plead no contest to the lesser included offense of aggravated assault with a deadly weapon and would seek deferred adjudication. In exchange for Wright's plea, the State would seek a maximum prison sentence of eighteen years and would oppose his application for deferred adjudication. A hearing on Wright's plea was held on September 11, 2002.[1] The court admonished Wright pursuant to article 26.13 of the Texas Code of Criminal Procedure, and Wright entered a plea of no contest to aggravated assault with a deadly weapon. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp.2004–05). The attorneys for Wright and the State then outlined the plea bargain agreement for the court, whereupon the following exchange occurred:

THE COURT: Okay. Did they explain that plea bargain agreement to you, Mr. Wright?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: And you want the Court to approve it?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Let the record reflect the Court is going to go along with the plea bargain agreement. The Court is also going to accept the Defendant's plea.

The court proceeded to also accept Wright's plea on an enhancement count, and then concluded the hearing with a finding that the evidence supported the plea. The court re-set the case for sentencing one month later.

The Honorable Sam Katz presided at the sentencing hearing on October 7, 2002.[2] Judge Katz refused to follow the plea agreement. Instead, Judge Katz announced in open court that the plea bargain was unacceptable and that Wright was sentenced to prison for 99 years. After Wright objected that he "had a plea agreement," he was allowed to withdraw his plea.

Four months later, the case was set for trial before a third judge, the Honorable Maria Teresa Herr, who was the newly elected judge of the 186th Judicial District Court. In a pretrial hearing, Wright sought specific performance of the plea bargain agreement, arguing that, "[b]ack on September 11, 2002, this same defendant in this same case entered into a plea agreement with the state and entered into that plea orally, in court and on the record

---

1. The Honorable Phil Chavarria, sitting by assignment, conducted the September 11, 2002 hearing.

2. The Honorable Sam Katz was the presiding judge of the 186th Judicial District Court, Bexar County, Texas, at the time of the October 7, 2002 sentencing hearing.

... that plea was accepted by the court." Wright further argued that Judge Katz had wrongfully refused to follow the plea agreement as the result of an inappropriate *ex parte* communication with the victim and his family. Wright presented the testimony of a prosecutor who confirmed that Judge Katz had initiated an *ex parte* conversation with the victim and the victim's father in his chambers immediately preceding the October 7, 2002 sentencing hearing. The prosecutor testified that Judge Katz was in an "irate rage" when he entered the courtroom, and spent "twenty or thirty minutes going on and on about how the plea agreement was unacceptable and he was going to sentence him [Wright] to ninety-nine years," before finally permitting Wright to withdraw his plea.[3] A second prosecutor testified that the State had not made any formal plea offer to Wright since the October 2002 hearing, although they had discussed an offer with a maximum sentence of 30 years. Wright requested specific performance of the original plea agreement with an 18–year maximum sentence. Judge Herr denied the request. The case then proceeded to a jury trial over Wright's objection that his due process rights had been violated. Wright was found guilty of attempted murder, and punishment was assessed by the court at 50 years imprisonment. This appeal followed.

### ANALYSIS

 In his first issue, Wright maintains it was improper for Judge Katz to speak to the victim and the victim's father in his chambers prior to the sentencing hearing, and that he was harmed by such improper conduct because he was denied the benefit of his plea agreement, specifically a maximum prison term of 18 years.[4] The State responds that the plea bargain offer of an eighteen-year sentence was never "approved" by Judge Katz, and thus Wright "is not now entitled to specific performance of that sentence." We disagree. Based on the record before this court, we conclude that the plea bargain agreement was approved by the first trial judge. Accordingly, Wright was, and is, entitled to seek specific performance of his approved plea bargain agreement.

 The Texas Code of Criminal Procedure provides that before the trial court accepts a plea of guilty or no contest from a defendant it shall inquire as to the existence of any plea bargain agreement. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2004–05). Article 26.13(a)(2) further mandates that the court "shall inform the defendant whether it will follow or reject such agreement in open court and **before** any finding on the plea." *Id.* (emphasis added). Trial judges have wide discretion in determining whether or not to accept a plea bargain agreement. *State ex rel. Bryan v. McDonald,* 662 S.W.2d 5, 9 (Tex.Crim.App.1983) (en banc). Once expressly approved by the trial court in open court, however, a plea bargain agreement becomes a binding contractual arrangement between the State and the defendant. *Ortiz v. State,* 933 S.W.2d 102,

---

3. The prosecutor further testified that Judge Katz admitted a day later that he may have acted inappropriately and "tried to recuse himself" by sending the case to the presiding judge of the 379th Judicial District Court in Bexar County.

4. We construe Wright's statement of his issue on appeal to include every subsidiary question that is fairly included within the issue presented for review including whether Wright was entitled to specific enforcement of his plea bargain agreement without regard to the propriety of Judge Katz's *ex parte* communications with the victim and the victim's father. TEX.R.APP. P. 38.1(e), 38.9

104 (Tex.Crim.App.1996) (en banc); *see also Bryant v. State*, 974 S.W.2d 395, 398 (Tex.App.-San Antonio 1998, pet. ref'd). This means that once approved by the trial court, the defendant may insist on the benefit of his plea agreement with the State. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex.Crim.App.2000) (en banc). If such agreement with the State can be enforced, the defendant is entitled to seek specific performance of the plea agreement; if the agreement cannot be enforced, the defendant is entitled to withdraw his plea. *Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex.*, 738 S.W.2d 276, 283–284 (Tex.Crim.App.1987) (en banc).

In this instance, the record is clear that Wright entered into a plea bargain with the State where he agreed to plead no contest to aggravated assault with a deadly weapon in exchange for the State's agreement to seek a prison term of no more than eighteen years. Judge Chavarria, the first trial judge, reviewed the details of this plea agreement with both Wright and the State in open court at the September 11, 2002 hearing. The judge then stated, "Let the record reflect the Court is **going to go along with** the plea bargain agreement." (emphasis added). This was followed immediately by the statement, "The Court is **also** going to accept the Defendant's plea." (emphasis added). The trial court, as contemplated by article 26.13(a)(2), expressly informed both Wright and the State in open court, before the acceptance of any plea, that it accepted the plea bargain agreement. Tex.Code Crim. Proc. Ann. art. 26.13(a)(2). The court then accepted Wright's plea, and made a finding that the evidence supported his plea to the lesser offense.

This is not a case where the trial court initially accepts a plea and then expressly reserves ruling on whether it will accept or reject the plea agreement until the sentencing hearing. *See Mayfield v. Giblin*, 795 S.W.2d 852, 854 (Tex.App.-Beaumont 1990, orig. proceeding) (trial court properly exercised its discretion to reject plea bargain where it had expressly reserved accepting or rejecting plea bargain until after receipt of presentence report); *c.f. Ortiz*, 933 S.W.2d at 104. Here, Judge Chavarria did not state or indicate in any way on the record that he was reserving approval or rejection of the plea agreement, or that he was only conditionally accepting Wright's plea. To the contrary, the judge affirmatively approved and accepted the plea bargain before proceeding to accept Wright's plea. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(2). We hold that the words used by Judge Chavarria, and the sequence of his actions, evidence his express acceptance and approval of the terms of the plea bargain agreement, as well as the plea. *See Perkins*, 738 S.W.2d at 279 (holding record clearly reflected that the court accepted plea bargain's cap of twenty-five years); *see also Ortiz*, 933 S.W.2d at 104 n. 3 (noting that whether the trial judge accepted the plea agreement when he accepted the plea is largely a matter of factual interpretation of the record, which is predominately the domain of the court of appeals). Therefore, Wright was entitled to insist on the benefit of his plea bargain and to seek specific performance. *Perkins*, 738 S.W.2d at 284.

■ Judge Katz did not have the authority to *sua sponte* rescind the plea agreement between Wright and the State after the agreement had already been accepted by the previous trial judge. *See Perkins*, 738 S.W.2d at 280–81 (trial court had no authority to refuse to go forward with approved plea agreement and *sua sponte* withdraw defendant's plea based on *ex parte* conversation with prosecutor regarding new information concerning defen-

dant's culpability). The trial court has a "ministerial, mandatory, and non-discretionary duty" to follow the plea bargain agreement once it has been approved by the court. *Perkins,* 738 S.W.2d at 285. Judge Katz's action in refusing to follow the approved plea agreement is equivalent to the granting of a new trial on the court's own motion, which is a void act. *Id.* at 280–81; *see also In re Davis,* 990 S.W.2d 455, 458 (Tex.App.-Waco 1999, orig. proceeding). As in *Perkins,* once Judge Katz stated he would not follow the plea bargain's cap of 18 years, Wright was left with no alternative but to withdraw his plea. *See Perkins,* 738 S.W.2d at 280. Wright was clearly harmed by the court's refusal to adhere to the agreed upon cap of 18 years imprisonment. The cap offered by the State had increased to 30 years at the next trial setting, and Wright ultimately received a sentence of 50 years after he went to trial. *See* Tex.R.App. P. 44.2.

■■■ The State argues that its plea bargain offer was withdrawn following Judge Katz's decision to reject the plea agreement, and that Judge Herr had no authority to require the State to re-offer its original plea bargain as a means to remedy the improprieties attributed to Judge Katz. We disagree. The State's ability to withdraw a plea offer at any time before the defendant enters his plea does not extend to the withdrawal of a plea agreement that has already been accepted by the trial court. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (once the court accepts a plea agreement, the State is bound to carry out its side of the agreement); *Perkins,* 738 S.W.2d at 283–84. Once expressly approved by the trial court, a plea bargain agreement between the State and the defendant is a binding contract subject to specific performance if the agreement can be enforced. *Ortiz,* 933 S.W.2d at 104; *see*

*also Perkins,* 738 S.W.2d at 284. We find nothing in the record to indicate Wright's plea agreement was not enforceable. *See, e.g., Perkins,* 738 S.W.2d at 284 (record contained no evidence of fraud by defendant in the inducement of the plea agreement that might estop him from seeking specific performance of plea agreement); *see also Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App.1993) (en banc) (plea agreement that calls for illegal punishment is not enforceable by specific performance). The State and Wright had mutually agreed to an eighteen-year maximum sentence based on Wright's plea to a lesser offense, and the trial court had approved the terms of the agreement. The plea agreement called for a lawful sentence within the range of punishment provided for the offense to which Wright pled. Therefore, Wright was entitled to specific enforcement of his plea bargain agreement. *Perkins,* 738 S.W.2d at 283; *see also Morris v. State,* 658 S.W.2d 310, 312 (Tex.App.-Houston [1st Dist.] 1983, no writ) (ordering specific performance of plea agreement after trial court's void act of setting aside defendant's guilty plea and assessed punishment).

Accordingly, we reverse the trial court's judgment, and remand this case to the trial court with instructions to reinstate Wright's plea of no contest to the offense of aggravated assault with a deadly weapon and re-sentence Wright in accordance with the terms of the original plea agreement. Because we reverse on this basis, we do not address the other issues raised on appeal.