NO. 07-04-0073-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 6, 2006
_____

ARKESCH D. MURPHY,

                                                            Appellant

v.

THE STATE OF TEXAS,

                                                            Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400,688; HON. BRAD UNDERWOOD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

        In two issues, appellant Arkesch D. Murphy appeals his conviction for possessing a controlled substance (cocaine) with intent to deliver.  His two issues involve whether the trial court erred in 1) *sua sponte* granting a new trial after accepting the plea agreement and imposing sentence in accordance with that agreement and 2) denying appellant's motion to suppress.  We reverse the judgment of the trial court.

        *Issue One – New Trial*

The record indisputably shows that prior to the commencement of trial, the appellant and State undertook plea negotiations and represented to the trial court that a plea had been reached. The agreement encompassed pleading guilty to three pending felonies in exchange for the dismissal of several misdemeanors, a recommended range of punishment from the State, and the waiver of appellant's right to appeal. Thereafter, the trial court admonished appellant in accordance with statute about the terms of punishment and effect of his guilty plea. So too did the trial court inquire into appellant's competence at the time and his willingness to proceed by pleading guilty. The appellant repeatedly informed the court that he understood the situation and desired the court to accept the plea. Thereafter, the trial court pronounced of record that it was accepting appellant's guilty plea to each of the three felonies, assessed punishment for each offense in accordance with the plea agreement, and ordered that appellant be remanded into the custody of the sheriff to "carry out the directions of" the sentences.

After completion of sentencing, the prosecutor uttered that another term of the plea bargain required appellant to waive his right to pursue a "writ" founded upon the advice or lack thereof by defense counsel pertaining to prior plea offer.[1] Upon hearing that, appellant's counsel denied that such a term was part of the agreement. Furthermore, when ask by the court if he would agree to waive his right to apply for this particular "writ," appellant said "no." At that point, the trial court "retract[ed]" its prior acceptance of the plea agreement because it believed that appellant did not freely, knowingly, or voluntarily agree

[1]The assistant prosecutor intimated that when the parties were discussing the waiver of appellant's right to "appeal" she understood that term to mean his right to prosecute any type of "writ" founded upon the incident in question. An appeal differs from a writ, however. The latter is an original proceeding while the former is not. Thus, we cannot accept the proposition that an appeal *ipso facto* encompasses an application for writ of habeas corpus or one under art. 11.07 of the Texas Code of Criminal Procedure.

to it.  So too did it declare that it was "granting new trial in each of those cause numbers . . . ."  Yet, at no time did appellant move for new trial or otherwise indicate to the trial court that he desired to withdraw his plea or otherwise free himself from the sentence imposed by the trial court.

It is clear that a trial court cannot grant a motion for new trial without the defendant first asking for same.  TEX. R. APP. P. 21.1*; Ex parte Ybarra*, 629 S.W.2d 943, 945 (Tex. Crim. App. 1982).  Simply put, it has "no power" to do so.  *Zaragosa v. State*, 588 S.W.2d 322, 326-27 (Tex. Crim. App. 1979).  Furthermore, a plea agreement, though contractual, is binding and enforceable when accepted by the trial court.  *Wright v. State,* 158 S.W.3d 590, 595 (Tex. App.–San Antonio 2005, pet. ref'd).  Should it not be enforced or susceptible to enforcement, however, it lies with the defendant to either request its specific performance or opt to withdraw his plea.  *Id*.  Given that 1) the trial court accepted the plea agreement and pronounced sentence upon appellant based on what it understood the terms to be and 2) defendant did not move for new trial or otherwise attempt to withdraw his plea, the trial court erred in *sua sponte* retracting its sentence and granting new trial.

Accordingly, we sustain appellant's first issue, reverse the judgment entered in this cause, reinstate the judgment as originally pronounced at the plea hearing, and remand the cause to the trial court to proceed as if it had not granted the new trial.  *Zaragosa v. State*, 588 S.W.2d at 327 (so ordering).  Finally, our disposition of the first issue relieves us from having to address appellant's contention regarding double jeopardy and the refusal to grant his motion to suppress.[2]

---

[2]Per the plea agreement, appellant waived his right to question that matter.

Brian Quinn
Chief Justice

Publish.