**AFFIRM; Opinion Filed January 29, 2014.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-12-00922-CR

**DANIEL EDWARD MURRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366–80173–06**

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Appellant Daniel Edward Murray pleaded guilty to possession of child pornography, aggravated sexual assault of a child, and indecency with a child. The trial court sentenced appellant to ten years' imprisonment for possession of child pornography and to thirty years' imprisonment on the combined aggravated assault of a child and indecency with a child offenses.[1] On December 6, 2010, we affirmed the convictions for possession of pornography and aggravated sexual assault of a child but dismissed the appeal of the indecency with a child conviction for lack of jurisdiction. *Murray v. State*, Nos. 05–09–00716–CR & 05–09–00717–CR, 2010 WL 4924913, at *9 (Tex. App.—Dallas Dec. 6, 2010, pet ref'd) (not designated for publication). Appellant was subsequently resentenced by the trial court on the indecency with a

---

[1] Appellant failed to file a timely notice of appeal in each case. After we dismissed the appeals as untimely, he filed applications for writs of habeas corpus in the Texas Court of Criminal Appeals, which granted appellant leave to file out of time appeals. *See Ex parte Murray*, Nos. AP-76070 & AP-76071, 2009 WL 82233 (Tex. Crim. App. Jan. 14, 2009).

child conviction to twenty years in prison, with credit for time served. In two issues, appellant now argues the trial court erred by refusing to exclude certain records because the State failed to show the evidence was outside of the privilege granted by rule 509(b) of the rules of evidence, and that he received ineffective assistance of counsel. We affirm the trial court's judgment.

## DISCUSSION

### 1. Motion to Suppress

In his first issue, appellant argues the trial court should have excluded records from the Sante Healing Center because the State failed to show "the evidence was outside of the limited privilege granted by Rule 509(b), TEX. R. EVID."

### *Background*

After an outcry by his niece, appellant was charged in a single indictment with two counts of aggravated sexual assault of a child and two counts of indecency with a child. Appellant was charged in a separate indictment with five counts of possession of child pornography. At defense counsel's suggestion, appellant sought treatment at the Sante Healing Center. The State subpoenaed the records from Sante concerning its treatment of appellant. Appellant moved to suppress the State's use of the records, arguing they were not properly obtained by the State and were privileged. At the motion to suppress hearing, appellant argued he sought treatment at Sante for drug or alcohol abuse and, as a result, all statements he made while at Sante were inadmissible. The State responded that the treatment records showed appellant sought treatment for sexual issues, not alcohol or drug abuse. The trial court denied the motion to suppress.

### *Standard of Review*

We apply a bifurcated standard of review to the trial court's ruling on a motion to suppress evidence. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Valtierra v.*

*State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts and apply a de novo review to the trial court's application of the law to the facts. *Hubert*, 312 S.W.3d at 559; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court is the sole trier of fact and the judge of witness credibility and the weight to be given to witness testimony. *Valtierra*, 310 S.W.3d at 447. When, as in this case, the trial court does not make explicit findings of fact, the appellate court must view the evidence in the light most favorable to the trial court's ruling and assume the trial court resolved any issues of historical fact or credibility consistently with its ultimate ruling. *Hubert*, 312 S.W.3d at 560. The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006). In determining whether the trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007); *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

### *Analysis*

Appellant relies on rule 509(b) of the rules of evidence, which states that there is no physician-patient privilege in criminal proceedings in Texas. TEX. R. EVID. 509(b). The rule also provides, however, that "a communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse is not admissible in a criminal proceeding." *Id*.

The treatment records from the Sante Healing Center—the only evidence admitted at the October 1, 2007 suppression hearing—contain numerous references to prior drug and alcohol abuse and that appellant was drinking heavily at the time of the offenses. But the records show appellant was admitted to the center "for assessment and possible treatment due to history of

symptoms consistent with sexual compulsivity related to sexual interest in females from approximately age 7 through 12." His "stated goals for treatment" were (1) "[l]earn why I still have pedophilic thoughts"; (2) "[l]earn how to manage those thoughts since they probably never go away entirely"; and (3) "reduce shame by talking about these issues in a safe and therapeutic setting." The treatment records state that appellant reported he was at the center "for pedophilic type thoughts," and the records refer to statements made by appellant while at the center that he was seeking treatment because of an attraction to minor girls. Moreover, appellant's treatment plan at the center focused on his sexual issues, not drug or alcohol problems. When he was discharged from the center, appellant's "three primary goals" were (1) "[t]o be able to live a normal life"; (2) "[t]o establish and learn how to maintain recovery from the urges to fantasize about young girls"; and (3) "[t]o feel good about himself and not experience the extreme low self-esteem that he has been living with for years."

Appellant contends the State failed to introduce any evidence beyond "statements made within the records themselves," and that the State's "limited view" misinterprets rule 509(b) "in that it looks at the context of the statements made and not their content." Appellant also argues that rule 509(b), as construed by the trial court in this case, would not "permit anyone seeking treatment for alcohol abuse to mention in any manner any ancillary behavior as any such mention could be used to remove the treatment from the rule." Appellant further contends that the State "had the burden of showing that the facility was not involved in the 'treatment or examination of alcohol or drug abuse,' and, thus, was not a facility at which communications were protected by the Rule, and that [a]ppellant's treatment was unrelated to alcohol or drug abuse."

We find these arguments unconvincing. Appellant cites no authority indicating that the Sante treatment records were an inadequate basis on which to decide the motion to suppress. *See*

–4–

*Ford v. State*, 305 S.W.3d 530, 534–35 (Tex. Crim. App. 2009) (explaining that a suppression hearing is an "informal hearing in which the trial judge, in his discretion, may use different types of information, conveyed in different ways, to resolve the contested factual or legal issues"). Furthermore, the records showed not only the content of various statements made by appellant at the treatment facility that he was seeking treatment because of an attraction to minor girls, but the context in which those statements were made, i.e., during treatment for an avowed sexual addiction. The records provided a sufficient basis for the trial court to determine that appellant did not fall within the exception to rule 509(b). As for appellant's suggestion that the State needed to show the treatment at Sante was unrelated to alcohol or drug abuse, the question here is not whether appellant received *any* treatment for substance abuse but whether that was the focus of the treatment. *See Foreman v. State*, 995 S.W.2d 854, 857 (Tex. App.—Austin 1999, pet. ref'd) (concluding privilege inapplicable because defendant was seeking help for pedophilia and depression, not for substance abuse); *Tatum v. State*, 919 S.W.2d 910, 913 (Tex. App.—Fort Worth 1996, no pet.) ("[t]he record in this case clearly indicates that, irrespective of his assertion that beer is the root of his problems, appellant sought counseling as a sex offender and not for alcohol or drug abuse"); *see also Murray*, 2010 WL 4924913, at *3.

The Sante treatment records clearly show appellant's treatment was for sexual issues, not drug or alcohol abuse. Although the records contain many references to statements by appellant and notations from counselors regarding appellant's past substance abuse, appellant did not seek treatment for alcohol or drug abuse, he was not admitted for treatment for alcohol or drug abuse, and his treatment did not focus on any substance abuse problem. Rule 509(b) requires more than that the facility have the ability to treat someone for alcohol or drug abuse; it requires that the person actually have been examined for admission or received such treatment. *See* TEX. R. EVID. 509(b).

Appellant also suggests that trial counsel referred him to Sante because he reported suffering alcohol-related blackouts. Appellant relies on testimony from the motion for new trial hearing to make this argument, not the motion to suppress hearing. We generally consider only evidence adduced at the suppression hearing in our review of a pretrial motion to suppress, unless the parties consensually relitigated the issue at trial, in which case we also consider relevant trial testimony. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996); *Ervin v. State*, 333 S.W.3d 187, 203 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Even so, trial counsel testified at the motion for new trial hearing that appellant went to Sante based on his recommendation, but he did not testify that the reason for the referral was alcohol-related blackouts. Additionally, appellant stated at the motion for new trial hearing that he went to Sante for a sexual addiction, not an addiction to alcohol: "The reason I was sent to Sante was to show that in this whole scheme of things here, I went and got some help for sexual addiction. And that was pretty much what it was all about, the sexual addiction." Appellant was also asked, "So [going to Sante] wasn't for alcohol addiction, it was for sexual addiction; is that correct?" He answered: "It was for sexual addiction." Accordingly, we conclude the trial court did not err by finding rule 509(b) did not bar admission of the Sante records. We overrule appellant's first issue.

### 2. Ineffective Assistance of Counsel

In his second issue, appellant argues the trial court erred by denying his motion for new trial that alleged ineffective assistance of counsel. Appellant specifically contends that trial counsel was ineffective because he (1) recommended appellant enroll in the Sante treatment program without performing a proper investigation into the facility or the programs offered at that facility; (2) improperly revealed appellant's treatment at Sante without appellant's permission; (3) failed to timely arrange for appellant to be interviewed or treated by a forensic

psychologist; and (4) failed to adequately prepare for trial, including the admissibility or exclusion of the Sante treatment records.

### *Applicable Law*

When, as in this case, an appellant asserts ineffective assistance of counsel in a motion for new trial, we review the trial court's denial of the motion for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b), *as recognized in State v. Herndon*, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007). In conducting this review, we do not substitute our judgment for that of the trial court. *Id*. We are required to view the evidence in the light most favorable to the trial court's ruling and presume all factual findings that could have been made against the losing party were made against that party. *Id*. The trial court abuses its discretion in denying a motion for new trial "only when no reasonable view of the record could support the trial court's ruling." *Id*.

To be entitled to a new trial based on ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The first prong requires the appellant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Lane*, 303 S.W.3d at 707. The second prong requires the appellant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707. In the context of a guilty plea, an appellant satisfies the second prong of the test by showing that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). An appellant's failure to satisfy one prong negates a

court's need to consider the other prong. *Strickland*, 466 U.S. at 697; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In determining whether an appellant has met his burden, we consider the totality of representation and the particular circumstances of each case. *Lane*, 303 S.W.3d at 707. We strongly presume counsel's conduct fell within the wide range of reasonable professional assistance, and we do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004).

### *Failure to Investigate*

Appellant complains that counsel referred appellant to a treatment facility—the Sante Center—that he had never before used, had not investigated, and "which he knew only from random conversations with a few attorneys."

As we stated in our previous opinion,[2] counsel has an obligation to make reasonable investigations, and "'a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Wiggins v. Smith*, 539 U.S. 510, 521–22 (2003) (quoting *Strickland*, 466 U.S. at 690–91). Counsel has a duty to conduct a reasonable pretrial investigation or to make a reasonable decision that makes a particular investigation unnecessary. *Id*. at 521. While counsel need not investigate every possible lead or piece of mitigating evidence, especially if it is unlikely to positively aid the defendant, counsel should put forth enough investigative effort to base a decision not to present a mitigating case on a thorough understanding of the available

---

[2] The testimony at the hearing on appellant's motion for new trial was set forth in detail in our previous opinion and need not be repeated here in its entirety. *See Murray*, 2010 WL 4924913, at *4–6. We will discuss the testimony only to the extent it is relevant to the particular issue being decided.

evidence. *Ex parte Woods*, 176 S.W.3d 224, 226 (Tex. Crim. App. 2005). A counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," while "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Trial counsel testified at the motion for new trial hearing that he was a member of the Criminal Defense Lawyer's Association, and therefore associated with an "extensive group of people." Counsel spoke to other members of the defense bar about Sante, and they told him it "had done some very good work" with some of their clients and had been "an effective tool that people had used to mitigate in other cases such as Mr. Murray's." Appellant testified that his understanding of the purpose for seeking treatment at Sante was that, in the event he was convicted, "it would show leniency towards me because I was accepting help." Counsel testified that the purpose of seeking treatment at Sante was that he "thought it might be of great assistance to [appellant] in mitigating the case," and that "at the end of the day it did mitigate the case." As we noted in our previous opinion, the fact that another attorney might have pursued a different strategy is insufficient to prove trial counsel was ineffective. *See Murray*, 2010 WL 4924913, at *6 (citing *Scheanette*, 144 S.W.3d at 509). Appellant also fails to show what additional investigation counsel should have undertaken or what a different or further investigation of Sante would have revealed. The same is true for appellant's suggestion that trial counsel should have had him examined by a psychologist before referring him to Sante: appellant fails to show what such an examination would have revealed or whether the psychologist would or would not have recommended appellant attend Sante for treatment. Thus, appellant fails to establish any prejudice regarding his claim of an inadequate investigation as to the Sante treatment facility. *See Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007).

*Improper Disclosure of Treatment*

Appellant also contends trial counsel was ineffective for referring him to Sante for treatment instead of having him examined by a psychologist who was a member of the defense team. Appellant emphasizes that it was important to appellant's defense that any statements appellant made to psychological professionals be protected from disclosure, and that counsel "let the cat out of the bag" by informing the State that appellant was being treated at Sante.

As we noted above, trial counsel testified at the motion for new trial hearing that he believed the Sante treatment facility would aid in "mitigating" appellant's case and that, in his estimation, it did mitigate the outcome of the case. We cannot judge trial counsel's strategic decisions in hindsight and must strongly presume counsel's competence. *See Thompson*, 9 S.W.3d at 813 ("When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight."). In addition, appellant offered no evidence at the hearing showing that, but for the disclosure of the treatment at Sante and the State obtaining the treatment records, he would have pleaded not guilty and insisted on going to trial. Trial counsel testified at the motion for new trial hearing that he believed "independent of the Sante records, the State had a pretty good case." Appellant testified that he pleaded guilty because he "didn't feel like I had a good defense," and that the prosecutors told him that if he "forced [the complainant] to go on the stand" they would try to "stack" the prison sentences for the various possession of child pornography charges, resulting in a prison sentence of one hundred years. Appellant feared he "would probably never see the light outside of prison walls." Therefore, since appellant did not show that his decision to plead guilty was based on the disclosure of the Sante treatment records, he failed to show he was prejudiced by trial counsel's disclosure of the

–10–

treatment.[3]

### *Failure to Timely Consult an Expert*

Appellant next argues that trial counsel's referral of appellant to Dr. Steven Finestein for psychological evaluation and assistance "was made too late to be of any benefit." Appellant alleges counsel "waited until a little more than two weeks prior to the trial setting before recommending [a]ppellant seek psychological evaluation and assistance," despite knowing "the State had access to the damaging reports from Sante and that action had to be taken to rebut those statements and conclusions." Yet, as we pointed out in our previous opinion, there was no evidence at the motion for new trial hearing regarding what a psychological evaluation of appellant would have revealed, what assistance to the defense Dr. Finestein would have provided, or how not seeking his assistance earlier in the proceedings affected appellant's decision to plead guilty. *See Murray*, 2010 WL 4924913, at *9. Appellant has thus failed to prove trial counsel was ineffective for not referring appellant to Dr. Finestein earlier in the case. *See Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex Crim. App. 2007).[4]

### *Failure to Prepare for or Support the Motion to Suppress, or to Prepare for Trial*

Appellant's final contentions are that trial counsel (1) did nothing and undertook no independent investigation of appellant's situation; (2) decided appellant "had an alcohol problem" and sent appellant to Sante for treatment even though counsel "possessed absolutely no training in any medical or psychological field"; and (3) failed to prepare for the motion to suppress hearing and failed to support the motion.

---

[3] Trial counsel testified that he had no "independent recollection" of ever revealing to prosecutors that appellant had gone to Sante for treatment. Appellant testified that he and counsel never discussed whether to reveal his treatment at Sante and that he did not authorize counsel to reveal it. However, the State stipulated at the hearing that it was from trial counsel that it learned about appellant's participation in the program at Sante.

[4] Appellant cites *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005), for support, but this reliance is misplaced. As the State points out, the court in *Briggs* was able to determine the effect of trial counsel's inadequate investigation of the complainant's medical records because those records were part of the appellate record. *Id*. at 469-70. In this case, as we have already explained, we do not have a record of what a psychological evaluation of appellant would have revealed, so we cannot determine whether appellant was harmed by counsel's alleged error.

Regarding counsel's trial preparation and his investigation of the case, appellant specifically contends counsel "undertook no independent investigation of his client's situation," did not investigate any defense for him, "reviewed the State's file but nothing else," "literally did nothing," "spent his time doing nothing and making decisions without factual or professional support," failed to use a private investigative service to investigate appellant and the offense, and failed to investigate the complainant's story.

Trial counsel—a 1973 graduate of the St. Mary's University School of Law and licensed to practice law since 1974—testified at the motion for new trial hearing that he reviewed the "entirety" of the State's file several times, including the videotapes and images of child pornography. Tommy Eubanks, described by counsel as a "trial consultant" that "works with me on all my cases," testified that he spoke to every one of the potential witnesses on the list appellant provided, and that he confirmed their information. Counsel could not recall whether he talked to the potential witnesses, but counsel insisted he knew the "information that each one of these witnesses might be able to provide," and that there was a "work-up of some of that that [sic] I did." Based on his discussions with appellant and after talking to other criminal defense attorneys, counsel decided to refer appellant to Sante for treatment. Counsel thought the treatment at Sante was appropriate for appellant and was in his best interest. Counsel added that, based on his experience, the Collin County District Attorney's Office would not consider probation as an option for appellant unless he sought treatment. Counsel believed that the treatment at Sante provided, as discussed earlier, a possible basis for the mitigation of appellant's sentence, and that it ultimately did mitigate appellant's case. Counsel also testified that he considered hiring a forensic psychologist and a computer expert, although he could not recall the reason he did not do so. Counsel testified that he was ready to go to trial. We conclude that appellant has not shown counsel did "nothing" or was unprepared to try this case.

Appellant also suggests counsel was ineffective for not speaking with the complainant. However, appellant provides no evidence that the complainant was willing to talk to trial counsel. He also provides no evidence as to what the complainant would have said to counsel, nor any evidence that, but for the fact that counsel did not speak with the complainant, appellant would not have pleaded guilty. Appellant has failed to overcome the strong presumption that counsel provided reasonably effective assistance, or show he was prejudiced. *See Thompson*, 9 S.W.3d at 813; *Walker v. State*, 195 S.W.3d 250, 255–56 (Tex. App.—San Antonio 2006, no pet.) (appellant did not establish that witnesses would have discussed the case with counsel before trial or that, had they done so, the interviews would have revealed beneficial information).

Turning to appellant's other contentions, he argues that trial counsel decided appellant had an alcohol problem without possessing the requisite medical or psychological training to make such a determination. As we discussed earlier, appellant was admitted to Sante for sexual issues, not alcohol problems. Appellant has not overcome the strong presumption of reasonably effective assistance. *See Thompson*, 9 S.W.3d at 813.

Having already addressed counsel's referral of appellant to Sante for treatment, we next address appellant's contentions regarding the motion to suppress, which are that counsel did not call any witnesses to support the motion, did not call anyone from the Sante facility to testify that they provided alcohol abuse treatment or that the behavioral problems were interrelated, "put all his marbles into the success or failure of excluding the Sante record," and failed to introduce evidence that Sante's treatment program included drug abuse and addiction, eating disorders, and behavioral health issues.

Appellant identifies two witnesses that he believes should have been called at the hearing on the motion to suppress: (1) appellant for the limited purpose of testifying that he was sent to Sante for alcohol abuse; (2) an unidentified individual from Sante to demonstrate "the purpose of

–13–

the facility as well as the purpose of the treatment undertaken." Appellant had the burden to show that either of these witnesses was available to testify and that the testimony would have benefitted him. *Ramirez*, 280 S.W.3d at 853. As to the unidentified witness regarding the Sante program, appellant failed to produce any evidence at the motion for new trial hearing that such a witness was available to testify or that the testimony would have benefitted appellant. Further, while appellant was available to testify at the motion to suppress hearing, his testimony at the motion for new trial hearing shows that he went to Sante—which treats sexual addiction, alcohol addiction, drug addiction, gambling addiction, and eating disorders—for treatment for sexual addiction, not alcohol abuse. He testified that he went to Sante after he discussed with trial counsel his relationship and contact with the complainant, his alcohol habit, and the time he spent in sexually-oriented chat rooms on the internet. Additionally, the treatment records themselves undermine the contention that appellant was at Sante seeking treatment for alcohol abuse. Viewing the evidence in the light most favorable to the trial court's ruling, we cannot say appellant's testimony would have benefitted him at the hearing on the motion to suppress. *See id.*

Appellant also contends trial counsel should have "investigated Sante for the purpose of acquiring testimony demonstrating the purpose of the facility as well as the purpose of the treatment undertaken." Appellant cites Sante's website as evidence of the kind of "support trial counsel needed," and points out that the website includes alcohol and drug abuse among the areas of treatment provided by Sante. But this evidence was not admitted at the motion for new trial hearing and was not considered by the trial court. *See, e.g., Ex parte Briggs*, 187 S.W.3d at 466 n.15 ("We will not, however, consider factual materials submitted in briefs for the truth of the matter asserted because this material was not submitted to the trial court."). Moreover, as we discussed previously, the evidence shows appellant sought treatment at Sante for sexual

–14–

addiction, not substance abuse. His sexual issues were at the heart of his treatment—they were not incidental to some other area of treatment. Appellant, therefore, has not shown that offering the information from Sante's website would have benefitted him at the hearing on the motion to suppress. *See Cooks*, 240 S.W.3d at 912.

The trial court concluded that appellant did not meet his burden of proving counsel was ineffective. Based on our review of the record, we conclude that appellant has not shown the trial court abused its discretion by denying the motion for new trial. We overrule appellant's second issue.

### 3. Supplemental Issue:  The Plea Bargain

In a "Supplement to Appellant's Brief on Appeal,"[5] appellant argues that the plea bargain agreement by which he pleaded guilty "was broken by the trial court's action in failing to follow the provisions of that bargain." Appellant contends the plea bargain has been broken by the entry of two separate judgments for aggravated assault of a child and indecency with a child when the plea bargain agreement called for all three cases "to be treated together." As a result, appellant argues he is entitled to withdraw his plea because "the terms of the bargain, as agreed to by parties and as accepted by the trial court, are not being followed, because the cases are not being treated as envisioned in the bargain."

When the trial court gives express approval to a plea agreement, it binds all necessary parties to the agreement—the defendant, the State, and the court—to a contract. *See Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005); *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996). Once the trial court has accepted the plea agreement, it has a "ministerial,

---

[5] As a general rule, an appellant is required to bring all his points of error or issues sought to be reviewed in his original brief. *Rochelle v. State*, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990). We are not required to consider issues raised for the first time in a reply or supplemental brief without leave of court. *Id.* However, we may, in our discretion, consider such issues. *See id.*; *see also Garrett v. State*, 220 S.W.3d 926, 928–29 (Tex. Crim. App. 2007) (concluding appellate court not required to address issues not raised in original brief, even when court requests supplemental briefing). We exercise our discretion in this instance and consider appellant's argument "in the interest of justice."

–15–

mandatory, and non-discretionary duty" to enforce the plea bargain it approves. *Perkins v. Court of Appeals for the Third Supreme Judicial Dist.*, 738 S.W.2d 276, 284–85 (Tex. Crim. App. 1987); *Wright v. State*, 158 S.W.3d 590, 595 (Tex. App.—San Antonio 2005, pet. ref'd). If the plea bargain agreement with the State can be enforced, the defendant is entitled to seek specific performance of the agreement; if the agreement cannot enforced, the defendant is entitled to withdraw his plea. *Bitterman*, 180 S.W.3d at 143; *Perkins*, 738 S.W.2d at 283–84; *Ex parte Huerta*, 692 S.W.2d 681, 682 (Tex. Crim. App. 1985); *Wright*, 158 S.W.3d at 594. If the defendant has already served a substantial portion of his sentence under the guilty plea, the appropriate remedy is specific performance. *See Gibson v. State*, 803 S.W.2d 316, 318 (Tex. Crim. App. 1991).

Appellant cites *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006), in support of his contention that he is authorized to withdraw his guilty pleas. In *Rich*, a defendant pleaded "true" to enhancement allegations. *Id.* at 510. But the record established that one of the convictions used for enhancement had been reduced to a misdemeanor. *Id.* at 511. Therefore, despite the plea of "true," the record established, as a matter of law, that the prior conviction could not be used for enhancement purposes. *Id.* The defendant, applying for a writ of habeas corpus, successfully challenged the sufficiency of the evidence to support the enhancement despite his plea of "true." *Id.* at 513. The court of criminal appeals stated that when a defendant pleads to a sentence that is longer than that authorized by law, "we must allow the defendant to withdraw his plea because there is no way of knowing whether the State would have offered a plea bargain within the proper range of punishment that he deemed acceptable, or whether he would have decided to go to trial." *Id.* at 514.

However, in *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), which is cited by the State, the court of criminal appeals described how *Rich* established that an applicant must

show harm to obtain relief in a habeas corpus premised on an illegal sentence claim. *Id*. at 535. The applicant in *Rich* raised the illegal sentence claim based on the State's improper use of a prior conviction for enhancement purposes. *Id*. at 533. The court denied relief because the applicant did not show harm when the habeas record established that he was previously convicted of other offenses that supported the range of punishment within which he was admonished and sentenced. *Id*. at 535–536. The court explained that "[t]he State's habeas evidence establishes that applicant had been previously convicted of three felonies, each of which could have properly been used to enhance the punishment range[.]" *Id*. at 534.

In this case, the first page of the plea papers stated that appellant would plead guilty to both the first (aggravated sexual assault) and third (indecency with a child) counts of the original indictment, and that his term of confinement would be thirty years. On the second page, under the court's admonitions to the defendant, the different punishment ranges for aggravated sexual assault of a child (a first-degree felony) and indecency with a child (a second-degree felony) are clearly noted. In the judgment for aggravated sexual assault of a child, a sentence of thirty years' confinement is stated as the terms of the plea bargain. The judgment for indecency with a child described the terms of the plea bargain as a sentence of twenty years' confinement. Both judgments stated that each sentence was to run concurrently. At the hearing on appellant's motion for new trial, which was held on May 15, 2009, well over a year before this Court's opinion of December 6, 2010 that dismissed the appeal of the indecency with a child conviction for lack of jurisdiction, appellant testified that he received a sentence of thirty years' confinement on the charge of aggravated sexual assault of a child, twenty years' confinement for indecency with a child, and ten years in prison for possession of child pornography.

In our opinion of December 6, 2010, when we dismissed the appeal of the indecency with a child conviction for lack of jurisdiction, we recognized that the trial court's written judgments

–17–

reflected a thirty-year sentence on aggravated sexual assault of a child and twenty years for indecency with a child. *Murray*, 2010 WL 4924913, at *1. But the trial court orally assessed a combined thirty-year sentence for *both* convictions. *Id.* Since the oral pronouncement controlled over the written judgments, the trial court violated the rule that when an accused is found guilty of more than one offense arising out of the same offense, the sentence for each offense must be pronounced. *Id.* We also noted that, based on the record, the thirty-year sentence could only apply to the conviction for aggravated sexual assault of a child because, as charged, indecency with a child was a second-degree felony, and the punishment range for a second-degree felony was two to twenty years in prison. This would render the thirty-year sentence for indecency with a child illegal and void. *Id*. at *2 n.3.

After this Court dismissed the indecency with a child appeal for lack of jurisdiction, the trial court issued a bench warrant so that appellant could be resentenced. Appellant and his counsel were present at the resentencing hearing. The trial court orally pronounced a sentence of twenty years for the charge of indecency with a child, stating that appellant would receive credit for all time served in prison and that the sentence would run concurrently with the other counts for which appellant had been sentenced. At no time during this hearing did appellant object to the court's pronouncement of the twenty year sentence or ask that he be allowed to withdraw his plea, and appellant declined the opportunity to submit testimony or be heard further.

Texas law prefers specific performance of a plea agreement over withdrawal of the plea unless the agreement cannot be enforced. *Ex parte Spicuzza*, 903 S.W.2d 381, 385 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (citing *Perkins*, 738 S.W.2d at 283). The record in this case shows that both appellant and the State intended to enter into a plea bargain where appellant would serve a combined term of thirty years in prison, with individual sentences of thirty years on the charge of aggravated sexual assault of a child, twenty years on the charge of indecency

with a child, and ten years for possession of pornography. The trial court effectuated the original intent of the plea bargain when it corrected the illegal thirty-year sentence for indecency with a child. Appellant has not shown that the plea agreement was illegal, defective, or otherwise unenforceable. Furthermore, appellant is already serving a thirty-year sentence for aggravated sexual assault of a child, and he has not shown how he was harmed when the trial court reduced the illegal thirty-year sentence for indecency with a child to twenty years. We overrule appellant's supplemental issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120922F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL EDWARD MURRAY, Appellant

No. 05-12-00922-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-80173-06.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 29th day of January, 2014.


/Lana Myers/
LANA MYERS
JUSTICE