

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00320-CR
_____

JOSE ROBERT PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3091-0606, Honorable Robert W. Kinkaid, Jr., Presiding

June 30, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jose Perez, entered a plea of guilty, pursuant to a plea agreement, to the offense of indecency with a child.[1] Pursuant to the plea agreement, appellant was placed on deferred adjudication community supervision for a period of ten years on February 22, 2007. Subsequently, on November 20, 2014, the State filed a motion to adjudicate appellant guilty. The trial court conducted a hearing on the motion to adjudicate on June 25, 2015. After receiving appellant's plea of true, the trial court

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

adjudicated appellant guilty. Thereafter, the trial court heard the punishment evidence and sentenced appellant to ten years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant filed a motion for new trial. After a hearing on the motion for new trial, the trial court overruled the same. This appeal followed.

Appellant brings a single issue which contains a number of different sub-issues.[2] Appellant contends that the trial court abused its discretion in the following particulars: (1) by refusing to honor the plea-bargained agreement that allegedly existed between appellant and the State; (2) by refusing a continuance request; and (3) by denying appellant's motion for new trial. We disagree with appellant and will affirm.

Factual and Procedural Background

The facts of this case do not appear to be in dispute and only those relevant to our opinion will be recounted. No one contends that the State and appellant had not reached an agreement regarding disposition of the motion to proceed with adjudication previously filed by the State. Under the terms of the agreement, appellant was to complete a new sex-offender evaluation and then successfully complete any counseling sessions required by the evaluation. Further, appellant was to complete an additional 40 hours of community supervision. According to the record, this agreement was reached on June 24, 2015, the day before the hearing on the motion to adjudicate. The trial court refused to sign off on the agreement and, instead, conducted a hearing on the State's motion to adjudicate.

---

[2] While we could declare that appellant's issue is multifarious and treat it accordingly, we will address the individual issues contained within appellant's single issue.

Appellant persisted in entering his plea of true to allegations of violations contained in paragraphs 2A and 2B of the motion to proceed. After being admonished by the trial court, appellant entered his pleas of true. The trial court subsequently accepted the pleas of true to paragraphs 2A and 2B and not true to paragraphs 1 and 3 of the motion to proceed.

Thereafter, the trial court heard the evidence regarding the motion to proceed. After hearing the evidence, the trial court found that the allegations that appellant had violated conditions 2A, 2B, and 3 to be true. The trial court adjudicated appellant guilty of the offense of indecency with a child and proceeded to the question of punishment.

After conducting the punishment hearing, the trial court assessed appellant's punishment at ten years' incarceration in the ID-TDCJ. Appellant has appealed, contending that the trial court abused its discretion in a number of particulars. We will affirm.

Standard of Review

Appellant contends that each of the matters addressed in its brief require that a reviewing court use an abuse of discretion standard of review. To the extent that appellant may appeal the refusal of a trial court to enter an agreed order, if the record demonstrates that the trial court had, in fact, accepted the plea agreement, the appellant would be entitled to specific performance of the plea agreement. *See Wright v. State,* 158 S.W.3d 590, 594 (Tex. App.—San Antonio 2005, pet. ref'd).

As to appellant's contention regarding error for improperly refusing the request for a continuance, the issue is governed by the abuse of discretion standard of review.

3

*See Gonzales v. State,* 304 S.W.3d 838, 843-44 (Tex. Crim. App. 2010). The same is true for an appeal from the denial of a motion for new trial. *See Holden v. State,* 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

Analysis of Refusal to Enter Plea Agreement

In reviewing the record before the Court, we note that, during the admonishments given by the trial court, prior to accepting appellant's plea of true to allegations 2A and 2B and plea of not true to allegations 1 and 3, the trial court discussed the plea agreement entered into between appellant and the State. Specifically, the trial court admonished appellant that "this Court is not bound by any agreement or any recommendations as to the result of this proceeding made and entered into between you, your attorney[,] and the State's attorney." The trial court then asked appellant if he understood the admonishments and whether appellant had any questions about anything. Appellant responded, "No, sir, not at this time." The trial court then asked appellant if it was still his desire to plead true to the allegations 2A and 2B. Appellant answered, "Yes, sir."

Thus, it is apparent from the record that appellant entered his plea of true to the allegations in paragraphs 2A and 2B with the knowledge that the trial court would not be bound by any plea agreement between appellant and the State. A trial court's decision to accept or reject a plea bargain belongs to the trial judge alone. *See Gaal v. State,* 332 S.W.3d 448, 457 (Tex. Crim. App. 2011) (citing *Morano v. State,* 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978)).

Appellant seems to contend that, since he is already on deferred adjudication community supervision, he is not trying to bind the trial court to a specific punishment by requiring it to accept the proposed plea agreement. As appellant's theory goes, this would be so because the plea agreement simply continues him on deferred adjudication. Appellant cites the aforementioned *Morano* case for the proposition that the State and defendant have no authority to bind the trial court to a fixed punishment in support of his theory that they are not trying to bind the trial court to a particular punishment. *See Morano,* 572 S.W.2d at 550–51. What appellant's analysis overlooks is the procedural aspect of his situation. There was pending an application to adjudicate appellant guilty and the proposed plea bargain struck at the very essence of the procedure without the trial court's consent, i.e., the adjudication of appellant as guilty of the underlying offense. Thus, a closer reading of the *Morano* opinion belies appellant's position. The appellant in *Morano* espoused the theory that, since article 26.13 of the Texas Code of Criminal Procedure sanctions plea bargains, the Texas Court of Criminal Appeals should hold all defendants charged with felonies have an absolute right to enter into plea bargains. *See id.* The *Morano* court answered that argument by pointing out that such a position is not sound because to allow such an argument would be to sanction an attendant argument that every defendant must enter a plea of guilty and enter into a plea bargain. *Id.* As the court explained, a trial court may refuse to allow plea bargaining and the trial court may refuse to allow a prosecutor to offer recommendations concerning the punishment to be assessed. *Id.* The defendant does not have an absolute right to enter into a plea bargain. *Id.*

Appellant then cites the Court to *Wright v. State,* 158 S.W.3d 590, 595 (Tex. App.—San Antonio 2005, pet. ref'd), for the proposition that there are limits to the trial court's discretion to accept or reject a plea bargain. The *Wright* opinion did, in fact, state there were limits in that particular case because of the facts. The original trial judge accepted the plea bargain and stated it would follow the bargain; however, the trial judge that heard the punishment evidence refused to follow the plea bargain. *See id.* at 594. Under these facts, the Fourth Court of Appeals held that the second trial judge did not have the authority to *sua sponte* reject the plea bargain. *See id.* The facts involved in *Wright* are significantly different than those we see before us and, accordingly, *Wright* has no binding authority on the issue before us.

Appellant next contends that appellant and the State should have the authority to bind the trial court to a continuation of a prior court-approved agreement. The prior court-approved agreement at issue was appellant's deferred adjudication community supervision. Appellant cites the Court to no cases that support this beginning proposition, and, we hasten to add, we have found none. Appellant's contention is only a variation of the contention addressed above and is controlled by the same legal principal, that is, the decision to accept or reject a plea bargain belongs to the trial court. *See Gaal,* 332 S.W.3d at 457. Because we have so found, we need not address appellant's related argument of detrimental reliance. Appellant could not have relied on the plea bargain to his detriment when the trial court advised appellant before he entered his plea of true that the trial court was not bound to accept a plea bargain.

At the end of the day, when we review the facts before us and the applicable law, it is clear to the Court that the trial court properly advised appellant of its intent not to be

bound by the plea bargain.  Yet, the record supports the proposition that appellant went ahead and entered his plea of true to two of the allegations pending.  Accordingly, the trial court did not err in refusing to follow the plea bargain.  Appellant's contention to the contrary is overruled.

## Motion for Continuance

Appellant's next contention is that the trial court erred by not granting appellant's motion for continuance, allegedly made at some point before the trial court accepted appellant's plea of true.  Appellant's position is based upon the unsworn declaration of trial counsel that was presented at the hearing on the motion for new trial.  The unsworn declaration was not admitted into evidence at the motion for new trial hearing.  It was included as an offer of proof for appellate purposes.  The record of the proceeding on the motion to adjudicate contains no motion for continuance made by appellant.  Accordingly, nothing is preserved for appeal.  *See* TEX. R. APP. P. 33.1(a)(1).

Even if we were to accept the unsworn statement as proffered at the motion for new trial hearing, nothing is preserved for appeal.  The record reflects that the motion for continuance to which appellant refers was made by the State because of the absence of one of their witnesses.  The trial court denied the motion by order signed on June 22, 2015.  Appellant's trial counsel simply agreed to the motion and did not make any motion for continuance on behalf of the appellant.  Again, nothing is preserved for appeal.  *See* TEX. R. APP. P. 33.1(a)(1).

Denial of Motion for New Trial

Appellant's final contention is that the trial court abused its discretion by overruling appellant's motion for new trial. The trial court is the finder of fact on a motion for new trial. *See Odelugo v. State,* 443 S.W.3d 131, 138 (Tex. Crim. App. 2014). We view the trial court's ruling on the motion for new trial in the light most favorable to the trial court's ruling. *See id.* A trial court abuses its discretion by denying a motion for new trial when the trial court's decision was clearly erroneous and arbitrary. *See id.* at 137.

In the case before the Court, appellant contends that the trial court abused its discretion because the trial court should have followed the plea bargain to continue appellant on community supervision. Such an argument simply ignores the fact that the trial court acted within its discretion by not following the plea bargain entered into between the State and appellant. *See Gaal,* 332 S.W.3d at 457 (citing *Morano,* 572 S.W.2d at 551). Since the trial court had the discretion to reject the plea bargain agreement, it did not abuse its discretion in denying appellant's motion for new trial. *See Odelugo.* 443 S.W.3d at 137. Appellant's contention to the contrary is overruled.

Conclusion

Having overruled all of appellant's contentions, we affirm the judgment of the trial.

Mackey K. Hancock
Justice

Do not publish.

8